ARK. POWER & LIGHT CO. *v.* COX.

5-1563                                313 S. W. 2d 91

Opinion delivered May 12, 1958.

*House, Holmes, Butler & Jewell,* for appellant.

*Rolland A. Bradley,* for appellee.

MINOR W. MILLWEE, Associate Justice. Ernest E. Cox was local manager for the appellant, Arkansas Power & Light Company, in the territory served by its office in Malvern, Arkansas, for 27 years prior to November 5, 1955. On that date he was accidentally killed by the upset of an automobile furnished him by his employer while driving on U. S. Highway 51 west of Malvern. The instant appeal is from a judgment of the Hot Spring Circuit Court affirming an award of compensation by the Workmen's Compensation Commission to appellee, Mrs. Ollie B. Cox, his widow.

Appellant contends that the injury and death of Cox did not arise out of and in the course of his employment within the meaning of the Workmen's Compensation Law (Ark. Stat. Sec. 81-1301 to 81-1349). It is argued that there was no substantial evidence to support the Commission's finding that Cox had permission to make the trip out of which his death arose or to support the conclusion that he was acting within the scope of his employment.

There is little dispute in the material facts. The territory served by Cox as appellant's local manager embraced all of Hot Spring and parts of Garland and Grant counties. The automobile furnished him by appellant, and driven by him at the time of his fatal injury, was equipped with a two-way radio with which he kept in touch with the office, the other employees of appellant in the field and appellant's district office at Hot Springs, Arkansas, while he was not in the office in Malvern. He also used the car, which was maintained entirely at appellant's expense, in attending periodic meetings of local managers in Hot Springs. As a local manager, he had the responsibility of seeing that continuous electric service was rendered to appellant's customers within his territory. He was not confined to any particular hours or

places of work but was subject to call on a 24-hour basis and was expected to keep himself and the car available at all times in case of such emergencies as storms and wrecks involving company property. These emergencies occurred about 20 or 25 times a year.

The deceased had two homes. One in Malvern and the other near Jones Mill on Lake Catherine where he and his family spent 6 or 8 weeks out of each year. He always used the specially equipped company car in traveling to and from both homes and the appellant not only expected but required him to do so. Upon reaching the home it was his custom to leave the two-way radio on until late at night. He usually arrived at his home on Saturdays and other days of the week, except Sunday, at from 5:30 P. M. to 7 P. M. On Saturday November 5, 1955, he left Malvern about 5:45 P. M. for his home on the lake where he planned to have dinner with his wife and visiting relatives. A few minutes later he was killed by upset of the company car while proceeding on the most direct route to the lake home. Death was instantaneous and the first person to reach the scene found the headlights of the car burning and the radio receiving set in the car turned "on" as indicated by a green dash light on the vehicle.

While there was some dispute in the testimony concerning deceased's right to use the company car on trips to the lake home when he and his wife were not actually residing in the home, there was substantial evidence to the effect that deceased kept and used the car on all trips to both homes and other places in his territory with the full approval of appellant; and that, being subject to call 24 hours each day, the appellant required him to do so in order to be available for all emergencies.

Injuries sustained by employees while going to and returning from their regular place of employment are not, as a general rule, deemed to "arise out of and in the course of the employment" within the meaning of the Workmen's Compensation Law. This is commonly referred to as the "going and coming rule." However, one of the many well established exceptions to this gen-

eral rule is that off-premises travel injuries are compensable if the employee is on his way to or from work in a vehicle owned or supplied by the employer. We recognized the exception in *Blankenship Logging Co.* v. *Brown*, 212 Ark. 871, 208 S. W. 2d 778, where we approved the following statement by the Washington Court in *Venho* v. *Ostrander Railway & Timber Co.*, 185 Wash. 138, 52 P. 2d 1267:

"When a workman is so injured, while being transported in a vehicle furnished by his employer as an incident of the employment, he is within 'the course of his employment,' as contemplated by the act. In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor.

"This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation." See also, *Hunter* v. *Summerville*, 205 Ark. 463, 169 S. W. 2d 579; and *Tinsman Mfg. Co.* v. *Sparks*, 211 Ark. 554, 201 S. W. 2d 573; *Owens* v. *Southeast Arkansas Transportation Co.*, 216 Ark. 950, 228 S. W. 2d 646; *Frank Lyon Co.* v. *Oats*, 225 Ark. 682, 284 S. W. 2d 637.

The applicable rule is stated by the textwriter in 58 Am. Jur., Workmen's Compensation, Sec. 218, as follows: "As an exception to the general rule that an employee is not in the course of his employment while going to or returning from his work, it is generally held that where transportation to or from work is furnished by the employer as an incident of the employment, an accidental injury sustained by the employee while being so transported arises out of and in the course of the employment." Many cases from other jurisdictions on the subject are collected in an annotation in 145 A. L. R. 1033. Other recognized exceptions to the general rule applicable here, and under which off-premises injuries are held

compensable, involve situations (1) where the employee is subject to call at all hours; and (2) when the employee has a duty to perform for the employer while en route home.

Appellant relies heavily on the recent case of *Martin v. Lavender Radio & Supply*, 228 Ark. 85, 305 S. W. 2d 845, but the employer there did not furnish the means of transportation. The majority held there was no causal connection between the accident and the employment when the workman, in driving his own car to work, had not yet reached the point where he usually decided whether he would go by the postoffice for his employer's mail or send some other employee for it after reporting for work. Here the deceased was a managerial employee subject to call at all times and there is substantial evidence to the effect that it was his duty to take the specially equipped automobile of his employer with him to the lake home for the mutual benefit of himself and his employer, and that he was performing for his employer a substantial service required by his employment at the very moment of his fatal injury. In these circumstances we cannot say the Commission erred in concluding that his death arose out of and in the course of his employment. The judgment sustaining the findings of the Commission is, therefore, affirmed.