DICKINSON *v.* CENTRAL CONSTRUCTION CO.

5-2343                                           344 S. W. 2d 599

Opinion delivered March 27, 1961.

*McMath, Leatherman, Woods & Youngdahl,* for appellant.

*S. Hubert Mayes* and *S. Hubert Mayes, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. Appellants, employees of Central Construction Company, appellee, have appealed from an order of the Workmen's Compensation Commission which was affirmed by the circuit court denying compensation for injuries received by appellants while on their way to work. The issue is whether the injuries arose out of and in the course of employment within the meaning of the Workmen's Compensation Act. Ark. Stats., § 81-1305.

Appellants are carpenters. They live at Camden and at the time of receiving the injuries for which they seek compensation they had worked for appellee for about two and one-half or three years. Although they live at Camden, they usually work at other places located 12 to 60 miles away. They drive back and forth

to work each day. They each own an automobile and go to work together, taking turn about in the use of their cars. They work by the hour, the time starting when they actually commence work at the job.

Mr. William F. Sales was appellee's superintendent of the jobs on which appellants Dickinson and Word worked as carpenters. Mr. Sales owned a pick-up truck and used it on the job for his employer and was paid $100 per month for the use of it. During the week of Thanksgiving, 1958, appellants were working on a job at Pine Bluff, going back and forth from Camden daily. Although the home of Mr. Sales, the superintendent, was in Camden, he and his wife ordinarily rented an apartment at the place where he was working and went home to Camden on weekends and holidays. On the occasion under discussion they went home for Thanksgiving, but Mr. Sales intended to return to Pine Bluff Friday, the day after Thanksgiving, to deliver payroll checks and do other things in connection with his duties as superintendent. It appears, however, that appellant's checks were delivered to them on Wednesday. On Tuesday or Wednesday immediately preceding Thanksgiving, Sales invited appellants to ride with him in his pick-up truck when they returned to work at Pine Bluff on Friday. Sales' wife remained in Camden, and Sales was going to return to Camden for the weekend, after he finished work at Pine Bluff on Friday. Appellants accepted Sales' invitation to ride with him, and at about 5:30 Friday morning they met him at a service station at Camden, where appellants left their cars and got in Sales' truck with him. After traveling a few miles Sales suggested that one of the others drive, and appellant Word took over the driving. After proceeding for several miles the truck skidded and was wrecked. Sales was killed and appellants were injured.

The question is whether the employees were being transported in a vehicle owned or operated by the employer as a result of an actual or implied contract or as an incident of the employment. Injuries sustained by an employee while going to or returning from his regular

place of employment are not as a general rule deemed to arise out of and in the course of the employment. But there are exceptions to the rule, one of which is where the employee is riding in the employer's conveyance as an incident of his employment. *Blankinship Logging Co.* v. *Brown*, 212 Ark. 871, 208 S. W. 2d 778; *Ark. Power & Light Co.* v. *Cox*, 229 Ark. 20, 313 S. W. 2d 91; *American Casualty Co.* v. *Jones*, 224 Ark. 731, 276 S. W. 2d 41; *Mason* v. *Lauck*, 232 Ark. 891, 340 S. W. 2d 575.

Here it can be said appellants were riding with Sales, the superintendent, in a truck operated by the employer, but there is substantial evidence to support a finding by the Commission that the transportation of appellants on the morning in question was not the result of an actual or implied contract and that such transportation of the employees was not an incident of the employment; that the appellants rode with Sales merely for the companionship and to save the use of their own cars. The appellant Word testified:

"Q. When and how did you make the arrangement to ride with Mr. Sales on the morning of the accident?

"A. Well, I don't remember whether it was on a Tuesday or a Wednesday that he came to me or maybe Mr. Dickinson at the same time. I don't know and told us boys and said, 'Now, I am coming over here Friday. I have got to come anyway and there is no use of you all driving your all's car that day. You just ride with me.' "

Mr. Word further testified that it was entirely up to him to get from his home to the job; that it had not been the custom or practice for the employer to furnish the transportation and that he was paid no expense money whatever in connection with getting to and from the job.

The appellant Dickinson testified:

"Q. And how did you know that you were going to go with Mr. Sales on Friday?

"A. I don't know whether Tuesday afternoon or Wednesday afternoon but he told us that he was going

to be at home or at Camden and that he had to come back Friday and we might as well ride with him, save the expense of our trip.''

Mr. Dickinson further testified that it was entirely up to him to furnish his own transportation from Camden to the jobs. He further testified that he accepted as a favor to himself Mr. Sales' invitation to ride. There is substantial evidence that fully sustains the finding of the Commission to the effect that appellants' injuries did not arise out of and in the course of their employment.

Affirmed.

HARRIS, C. J., WARD & JOHNSON, JJ., dissent.