Herman F. WRIGHT v. BEN M. HOGAN
COMPANY et al

5-5578                                    468 S. W. 2d 233

Opinion delivered June 21, 1971

*Youngdahl, Sizemore, Brewer, Forster & Uhlig,* for
appellant.

*Terral, Rawlings, Matthews & Purtle,* for appellees.

GEORGE ROSE SMITH, Justice. This workmen's compensation claim was denied by the referee, the commission, and the circuit court on the ground that the claimant's injuries did not arise out of and in the course of his employment. Whether that finding was correct is the principal question now before us.

The ultimate controlling facts may be stated quickly, for the commission quite properly gave the claimant the benefit of the doubt upon disputed issues. Wright was employed as a concrete worker upon the Eighth Street Expressway construction job in Little Rock. He came to work in his own pickup truck and voluntarily used it in hauling a spraying rig and other company-owned equipment from place to place on the job site. Wright's foreman did not require him to use his own truck, but he did allow Wright to take gasoline from the company's tank. Wright was never told that he could use company gasoline for traveling to and from his home.

Wright lived with his wife at Lamar, almost 100 miles from Little Rock. He went home on weekends, but during the week he stayed at a motel in North Little Rock, just across the river from the job site. On a certain Wednesday in 1968 a rainstorm halted all concrete work at midafternoon. Wright decided to drive to Lamar and spend the night with his wife. The next morning he arose early and started for Little Rock in his truck. At Lamar he entered a long stretch of interstate highway not yet open to the public. After having traveled that route for about 20 miles he ran into a pile of gravel on the pavement and sustained the injuries for which compensation is sought.

The going and coming rule ordinarily denies compensation coverage to an employee while he is traveling from his home to his job. A familiar exception to the rule recognizes coverage when the employer furnishes home-to-work transportation as an incident to the em-

ployment. *Ark. Power & Light Co.* v. *Cox,* 229 Ark. 20, 313 S. W. 2d 91 (1958). In comparatively recent years some courts have approved a related exception by which home-to-work coverage is sustained if the employer requires the worker to bring his own vehicle to work and use it on the job. Larson, Workmen's Compensation, § 17.50 (1968); *Smith* v. *Workmen's Comp. Appeals Board,* 73 Cal. Rptr. 253, 447 P. 2d 365 (1969); *Marshall* v. *Tribune-Star Pub. Co.,* 251 Ind. 557, 243 N. E. 2d 761 (1969); *Borak* v. *H. E. Westerman Lbr. Co.,* 239 Minn. 327, 58 N. W. 2d 567 (1953).

In the case at bar the commission expressed its approval of the more recent exception but wènt on to say:

> We think that claimant would have been within the exception had he been en route to and from his motel in North Little Rock. However in the instant case claimant had made a trip to his home in Lamar, Arkansas, for the purpose of spending the night with his wife. This brings in focus the purpose of the trip which determines this case.

> The Arkansas Supreme Court, in *Martin* v. *Lavender Radio & Supply,* 228 Ark. 85, 305 S. W. 2d 845 (1957), quoted with approval the test as stated by Chief Judge Cardozo in the case of *Marks Dependents* v. *Gray,* 251 N. Y. 90, 167 N. E. 181 (1929): "Unquestionably injury through collision is a risk of travel on a highway. What concerns us here is whether the risks of travel are also risks of the employment. In that view, *the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils.*"

> This is commonly known as the dominant purpose rule, which Arkansas apparently adopted in the *Martin* case, *supra.* Claimant testified that the job was rained out on September 4, 1968, and he decided to go to Lamar to spend the night with his wife. This was the dominant purpose of his trip.

Therefore . . . the Opinion of the Referee . . . is hereby affirmed.

Assuming, without so deciding, that the exception in question should be added to our going and coming rule, we are nonetheless of the opinion that the distinction drawn by the commission was soundly grounded in the facts. Evidently Wright did not think it practical to travel back and forth between Lamar and Little Rock every day. Hence the commission was justified in treating the North Little Rock motel as Wright's work-connected home during the week. There is nothing in the rule in question that logically or reasonably demands that the workman be allowed to maintain two homes as a matter of right, expecially when one of them is so inconveniently placed that he gives it up temporarily to maintain his job. We accordingly conclude that the commission was supported by substantial evidence in finding that Wright's excursion to Lamar was a personal mission that took him out of the exception to the going and coming rule, just as if he had been a permanent resident of North Little Rock and had driven to Lamar to go fishing or to achieve some other purely personal purpose.

The claimant also argues two other possible theories for an award of compensation in the case at hand. Neither theory was mentioned in the commission's opinion, which indicates either that the points were not raised below or that the commission did not think them sufficiently meritorious to call for a discussion. We would affirm in any event.

One, in the course of the testimony it was casually mentioned now and then that Wright had also worked for the appellee Hogan on other highway construction jobs in Arkansas, there being references to Malvern, Fort Smith, and Clarksville. It is now suggested that Wright was therefore required to travel about the state and was entitled to the broad compensation coverage granted to traveling salesmen. The short answer to this argument is that the traveling salesman's work requires him to

travel away from his employer's premises while he is on duty. Larson, *supra*, § 25.10. Wright's travels, by contrast, were merely between his home and various job sites.

Two, Hogan was the paving contractor for the unopened interstate highway upon which Wright was injured. It is now argued that Wright was therefore upon his employer's premises and is entitled to invoke the premises exception to the going and coming rule. As Larson points out, however, the basis for the premises rule is the existence of a causal connection between the employment and the particular risk, as when the employees must cross railroad tracks near the plant entrance. Larson, § 15.15. There is patently no causal connection between Wright's employment in Little Rock and the risk involved in his election to travel an unfinished highway some eighty miles away.

Affirmed.

FOGLEMAN, J., not participating.