18

CHICOT MEMORIAL HOSPITAL *v.* Sandra VEAZEY

CA 83-19                                      652 S.W.2d 631

Court of Appeals of Arkansas
Opinion delivered June 22, 1983

*David B. Simmons,* Public Employee Claims Division, Arkansas Insurance Department, for appellant.

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellee.

GEORGE K. CRACRAFT, Judge. The sole question presented by this appeal is whether an injury sustained by a worker riding in a private automobile while going home from work is a compensable one where the employer pays a portion of the travel expense. The Arkansas Workers' Compensation Commission ruled that it was. We do not agree.

The facts material to our decision are not in dispute. The appellee, a resident of the City of McGehee, was employed by the appellant Chicot Memorial Hospital in Lake Village as a medical records clerk. Her mother, a licensed practical nurse, was also employed at the same place. The appellee and her mother were hired as the result of an intensive recruiting effort by the hospital designed to attract new employees from nearby cities and towns to make up for a shortage of qualified personnel residing in the Lake Village area. As an inducement to employment the appellant offered higher wages than hospitals in the surrounding towns and provided an allowance of 15 cents a mile to non-local employees who lived outside a 12.5 mile radius of the City of Lake Village. The employees who lived within that 12.5 mile radius did not receive such an allowance. The allowance paid to those who lived outside the limit compensated them only for the miles going to and from work in excess of 12.5 miles each way. These employees were paid this mileage allowance whether they drove their own cars, rode with others or used public transportation. The appellee's home was located 22 miles from the hospital and she was therefore compensated for 9.5 miles each way. On the night of November 7, 1980 the appellee was injured in an automobile accident while returning from the hospital to her home in McGehee, Arkansas. The accident occurred within the 12.5 mile radius of Lake Village.

The appellant contends that the claim was barred by the "going and coming rule" under which an employer is ordinarily not held to be liable for injuries employees suffer while going to or returning from their regular place of employment. Appellant further contends that as the accident happened within an area for which appellee's travel was not being compensated it would not be liable in any event.

Appellee contends that as she was reimbursed for her expense in traveling to and from work her claim falls within the following exception to the "going and coming rule" stated in 1 Larson, Workmen's Compensation Law, § 16.30:

> However, in a majority of the cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed. . . .

> Even if the distance is not great, the parties may single it out for separate agreement because of the special circumstances.

We conclude that under the facts and circumstances of this case the Commission erred in awarding benefits to appellee under the above exception to the general rule. Our courts have long recognized the so called "going and coming rule" which provides that, since all persons are subject to the same street hazards while traveling, injuries sustained by employees going and coming from work cannot ordinarily be said to "arise out of the employment" within the meaning of the Compensation Act. Our courts have recognized a number of exceptions to that rule, many of which are discussed in *City of Sherwood* v. *Lowe,* 4 Ark. App. 161, 628

S.W.2d 610 (1982). One such exception is that where the employer, by an express or implied contract or by established custom, provides transportation to and from work for his employees, the employee's injuries sustained while being transported may be found to be within the course of employment and to arise from it. *Blankinship Logging Co. v. Brown*, 212 Ark. 871, 208 S.W.2d 778 (1948): *Owens* v. *Southeast Ark. Transp. Co.*, 216 Ark. 950, 228 S.W.2d 646 (1950); *Ark. Power & Light Co.* v. *Cox*, 229 Ark. 20, 313 S.W.2d 91 (1958); *Williams & Johnson* v. *National Youth Corps.*, 269 Ark. 649, 600 S.W.2d 27 (Ark. App. 1980). There are no Arkansas cases which have extended that exception to cases in which the employer does not furnish the transporting vehicle but agrees to furnish its equivalent by reimbursing the worker for his expense of travel by private conveyance.

The *Larson* rule, relied upon by the Commission, was formulated by him from the cases in a growing number of jurisdictions that have extended the transportation exception to reimbursement of expense situations. Most of these cases are collected in footnotes to the quoted portion of Professor Larson's treatise. In general we note that in extending the rule many courts have utilized the same rationale for finding a connection, or nexus, between the injury and the employment as they have used in cases involving actual providing of transportation. Some find this nexus in the unusual distance traveled which makes the transportation a "substantial part of the services rendered." Others find it in the inducement to the employee to accept or continue in the employment. Others base it upon benefit, convenience or other advantage to the employer and employee. Some require an actual showing of a special inducement or benefit while others hold that it is presumptive. We find no uniformity in these cases and no set or invariable rules by which the connection between the travel and the employment is determined.

The majority of this court conclude that, in those cases in which the employer furnishes less than the actual expense of travel, the better reasoned decisions turn on whether or not the reimbursement was for a *substantial* part of the

actual expense or bears a reasonable relation to it. We recognize a distinction between those contractual arrangements in which the payments substantially cover the actual travel expense incurred by the employee and those in which the payments bear no real relation to the actual cost of transportation but in fact are merely additional compensation. *Tavel* v. *Bechtel Corporation,* 242 Md. 299, 219 A.2d 43 (1966); *Gardner* v. *Industrial Indemnity Company,* 212 So. 2d 452 (La. 1968); *Ricciardi* v. *Aniero Concrete Co., Inc.,* 64 N.J. 60, 312 A.2d 139 (1973).

In *Ricciardi,* where the reimbursement for travel expense amounted to only 40% of the total expense involved, the court stated:

> We conclude, after study of all the cases, that the rationale of the exception to the going and coming rule under discussion can be sustained only in those situations where, if the employee travels by car, the employer reimburses him for *all or substantially all* of the total expense involved. Anything less would border so closely upon the noncompensable area where the arrangement is really part of the work-remuneration rather than provision for transportation as to render the rule impracticable of judicial administration and of but ephemerel foundation in any significant *nexus* between the journey and the employment. (Emphasis added)

The evidence in this case cannot support a finding that the employer contracted to furnish appellee transportation or its equivalent. Here appellee traveled 44 miles a day to and from her work. She was paid travel allowance for less than half of that distance. She testified that the $2.85 paid her for 19 miles of her round trip fell far short of her actual cost for gasoline consumed during the whole trip and made no allowance at all for any of the other ordinary costs of operating an automobile. By any method of computation it is apparent that the payments appellee received bore no relation to the actual cost of transportation to and from her job. The exception to the "going and coming rule" relied

upon by the Commission is not applicable to the facts of this case.

Reversed.

CORBIN and GLAZE, JJ., dissent.