Robert M. RANKIN *v.* RANKIN CONSTRUCTION CO.,
FEDERAL INSURANCE CO. OF NEW YORK,
RDR ENTERPRISES, INC., and
STANDARD FIRE INSURANCE COMPANY

CA 84-6                                    669 S.W.2d 911

Court of Appeals of Arkansas
Division II
Opinion delivered June 6, 1984
[Rehearing denied June 27, 1984.]

2

*Roy Finch,* for appellant.

*Anderson & Kilpatrick,* by: *Overton S. Anderson,* for appellee.

MELVIN MAYFIELD, Chief Judge. This case is an appeal from a decision of the Workers' Compensation Commission denying and dismissing appellant's claim based on injuries he sustained in a one-vehicle accident that occurred when he was returning from Greers Ferry Lake to his home in North Little Rock.

Appellant, president and majority stockholder of appellee Rankin Construction Co. (a partner with appellee RDR Enterprises, Inc., in a joint venture), had planned a trip with his family to spend the weekend in a summer lake house. Before leaving North Little Rock, he had contacted Meyers, a subcontractor on the joint venture, and arranged to meet with him to discuss that and another project. On the way back from the lake, appellant, without detouring, stopped at Meyers' house near Higden. The accident happened after appellant left Meyers' house and was on the return route to North Little Rock.

Appellant claims on appeal that the Commission's decision is contrary to the law and the facts. He first contends that the Commission erred in basing its decision on the case of *Martin* v. *Lavender Radio & Supply, Inc.,* 228 Ark. 85, 305 S.W.2d 845 (1957). That case embraced the "dual purpose" trip doctrine as set forth by Judge Cardozo in *Marks' Dependents* v. *Gray,* 251 N.Y. 90, 167 N.E. 181 (1929). The doctrine is described succinctly in 1 Larson, *Workmen's Compensation Law* § 18.00 (1982), as follows:

> Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the

trip to be taken by someone even if it had not coincided with the personal journey.

Larson's lengthy development of the subject uses Cardozo's opinion as its point of reference. That opinion states:

What concerns us here is whether the risks of travel are also risks of the employment. In that view, the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils.

. . . We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. . . . The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. . . . If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.

167 N.E. at 182-183.

The Arkansas Supreme Court adopted the *Marks'* v. *Gray* test in *Martin* v. *Lavender Radio & Supply, supra,* and later approved it in *Brooks* v. *Wage,* 242 Ark. 486, 414 S.W.2d 100 (1967); *Willis* v. *City of Dumas,* 250 Ark. 496, 466 S.W.2d 268 (1971); and *Wright* v. *Ben M. Hogan Co.,* 250 Ark. 960, 468 S.W.2d 233 (1971).

In the instant case, an examination of the record reveals that appellant had been thinking about the trip to the lake house for some time, and, after making those plans, he arranged his meeting with Meyers only a couple of days before leaving for Greers Ferry. Moreover, the Commission

found that the trip to the lake would not have been made except for the personal family outing. In his testimony, appellant admitted that if Meyers hadn't been available for a meeting on the weekend in question, he could and would have met with him at another time and place for the same purpose; and the Commission adopted the law judge's finding that there was no evidence that appellant would have been required to go to Meyers' home for that meeting as there were a number of other places they could have met, including appellant's office. Thus, we think there was substantial evidence from which the Commission, applying Cardozo's test, could find that the meeting with Meyers was not a "concurrent cause" of appellant's ill-fated journey.

Appellant strongly contends that there are factors here that make this case different from the *Marks'* and *Martin* cases. Specifically, he points to the fact that he was traveling in a vehicle owned and furnished by his employer; says he was "virtually on duty at all times and subject to call"; and contends he had completed the pleasure part of his dual purpose trip and was back on business when the accident occurred. The case of *Ark. Power & Light Co.* v. *Cox,* 229 Ark. 20, 313 S.W.2d 91 (1958), is cited as supportive of his contention that he is entitled to compensation under these circumstances.

In that case, Cox was furnished a car equipped with a two-way radio and was expected to keep himself and the car available on a 24-hour basis in case of emergencies. On the day involved, he was killed in a wreck while driving the company car from his office to his home. Pointing out that injuries sustained by employees while going to and from their regular place of employment are not, as a general rule, deemed to arise out of the employment, the court said there is an exception to the rule when the employee is traveling in a vehicle owned or supplied by the employer. That exception, however, is of no help to the appellant in this case since he was not on his way to or from his regular place of employment. *Cf. Wright* v. *Ben M. Hogan Co.,* 250 Ark. 960, 468 S.W.2d 233 (1971).

Appellant argues that *Martin* v. *Lavender Radio &*

*Supply, supra,* says that Martin's injury would have been covered had he stopped by the post office, while on the way to work, to get his employer's mail. The point is made that here the appellant *did* stop to discuss business with Meyers. We agree that both *Martin* and Cardozo's opinion relied upon in *Martin,* clearly indicate that an injury to appellant while he was stopped at Meyers' house would have been covered; but the injury to appellant occurred after appellant left Meyers and was on his way home from the weekend vacation. Furthermore, if Martin had stopped at the post office, he would have come under the dual purpose rule set forth in Cardozo's opinion, because in *Martin* it was necessary that someone go to the post office sometime to get the employer's mail. *See* Larson, *supra,* § 18.13. Here, however, the Commission found it would *not* have been necessary for appellant to go to Meyers' house at some other time.

Appellant also contends this case is like *Ark. Power & Light* v. *Cox* because he, like Cox, was "virtually on duty and subject to call at all times." The ultimate question to be answered in this case is whether appellant's injuries arose out of and in the course of his employment. Ark. Stat. Ann. § 81-1302(d) (Repl. 1976). The key to that question is the connection, or nexus, between the travel and the employment. *See Chicot Memorial Hospital* v. *Veazey,* 9 Ark. App. 18, 21, 652 S.W.2d 631 (1983). That was also the key to the question in the *Ark. Power & Light* v. *Cox* case. The employee was allowed recovery in that case because there was "substantial evidence to the effect that it was his duty to take the specially equipped automobile of his employer with him to the lake home for the mutual benefit of himself and his employer." 229 Ark. at 24. The employee was not allowed recovery in this case because the Commission found that his trip was not "sufficiently connected to his employment so as to be said to be reason enough for the trip to have been undertaken . . . absent the purely personal and private purpose."

On appeal we must accept the view of the facts most favorable to the findings of the Commission and affirm if there is substantial evidence to support its decision. *O.K.*

*Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W.2d 224 (1979). We find there is substantial evidence to support the Commission's finding that appellant has failed to establish that his injuries arose out of and in the course of his employment.

Affirmed.

CLONINGER, J., agrees.

GLAZE, J., concurs.