John Dale FISHER d/b/a DALE'S DRY WALL AND
PAINT COMPANY *v.* Frank PROKSCH

CA 86-131                                        723 S.W.2d 852

Court of Appeals of Arkansas
Division II
Opinion delivered February 18, 1987

*Wright & Chaney, P.A.,* by: *Donald P. Chaney, Jr.,* for appellant.

*Hawkins & Metzger,* by: *Jay P. Metzger,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Workers' Compensation Commission. The claimant was injured in an automobile accident on his way to work while employed by appellant, John Dale Fisher, who was in the business of hanging and finishing sheetrock, under the name of Dale's Dry Wall and Paint Company. Appellant's principal place of business and the claimant's home were in Ashdown, Arkansas, but at the time of the accident the job site was Mt. Pleasant, Texas, some eighty to ninety miles from Ashdown. The appellant testified that his payroll on this job began at 7:30 a.m., even though the men did not usually get to the job site until around 10:00 a.m. Customarily the claimant and a co-worker rode to Mt. Pleasant in a van driven by Fisher's son, Harold D. (Buddy) Fisher.

On the date of the accident, Buddy had asked the claimant to drive the van so that Buddy could take his newly purchased truck to a repair shop in New Boston, Texas, which was on the direct route to Mt. Pleasant. They left Buddy's home about 7:00 a.m. with Buddy driving his truck and the claimant following him driving the van. Approximately fifteen minutes later, an oncoming car struck the left side of the van causing personal injuries to claimant.

At the hearing before the administrative law judge, the appellant testified he had sold the van to his son Buddy two days before the accident, but neither the law judge nor the Commission

made a specific finding with respect to the ownership of the vehicle. Buddy testified that at the time of the accident there was a fifty-gallon barrel half full of texture, dry wall mud used in sheetrocking, in the van. Both appellant and his son testified that their hand tools, and those of the claimant, were also in the van at that time.

The law judge held that the claimant fell within the "dual purpose" exception to the "going and coming" rule and therefore his injuries were compensable. The full Commission affirmed and adopted the opinion of the administrative law judge as its own.

It was the Commission's duty to follow a liberal approach in determining whether the claimant received a compensable injury, *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984), and, on appeal, we must review the evidence in the light most favorable to the decision of the Commission and affirm if the decision is supported by substantial evidence, *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). Even though a preponderance of the evidence might indicate a contrary result, we must affirm if reasonable minds could reach the Commission's conclusion. *Young* v. *Heekin Canning Co.*, 13 Ark. App. 199, 681 S.W.2d 419 (1985).

The going and coming rule provides that, since all persons are subject to the same street hazards while traveling, injuries sustained by employees going to and coming from work cannot ordinarily be said to arise out of and in the course of the employment within the meaning of the workers' compensation law. *Chicot Memorial Hospital* v. *Veazey*, 9 Ark. App. 18, 652 S.W.2d 631 (1983). However, our courts have recognized a number of exceptions to this rule. *See City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). Another rule, whether or not regarded as an exception, has been described in 1 Larson, *Workmen's Compensation Law* § 18.00 (1985) as follows:

> Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey.

This rule was adopted by Arkansas in *Martin* v. *Lavender Radio & Supply, Inc.*, 228 Ark. 85, 305 S.W.2d 845 (1957), where the court relied upon the case of *Marks' Dependents* v. *Gray*, 251 N.Y. 90, 167 N.E. 181 (1929), in which Judge Cardozo stated:

> What concerns us here is whether the risks of travel are also risks of the employment. In that view, the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils.

> . . . We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. . . . The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. . . . If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.

167 N.E. at 182-83.

This rule has been approved in later cases. *See Brooks* v. *Wage*, 242 Ark. 486, 414 S.W.2d 100 (1967); *Willis* v. *City of Dumas*, 250 Ark. 496, 466 S.W.2d 268 (1971); *Wright* v. *Ben M. Hogan Co.*, 250 Ark. 960, 468 S.W.2d 233 (1971); and *Rankin* v. *Rankin Construction Co.*, 12 Ark. App. 1, 669 S.W.2d 911 (1984). In the case at bar, the law judge relied upon *Rankin* v. *Rankin Construction Co., supra*, and concluded:

> Assuming, arguendo, that the claimant was indeed involved in a personal errand which consisted of doing a favor for Harold Fisher on the morning of his accident, the fact remains that he was driving a van which contained tools and work materials indigenous to the respondent's business, and vital to him in the performance of his business.

The appellant argues that the finding that the tools and work materials transported in the van were "vital" to the appellant's business is not supported by the record. It is contended that this was a relatively insignificant matter, done mostly for the employees' convenience, and should not be a sufficient basis for the application of the dual purpose rule. However, the claimant testified that the van contained "all of our tools and materials and everything that we carry to work." The appellant's son testified that there was a fifty-gallon barrel in the van that was "half full of texture, dry wall mud." The employer himself testified that the van was transporting some hand pumps that were used on the job and some knives, pans, and stuff that "you don't dare" leave on the job. And when asked if the van contained hand tools "other than just the ones that belonged to Buddy," the appellant said, "we more or less put all of our tools together."

Obviously, the claimant was serving his own purpose, as well as doing the appellant's son a favor, in driving the van to the job site; however, we think there is substantial evidence to support the finding that the claimant was also serving his employer by transporting "tools and work materials" that were "vital" to the performance of the employer's business. Even if the claimant had not gone to work on the day involved, there is substantial evidence to support a finding that the tools and materials would have been carried to the job site by someone for use by the appellant and his son.

So, there is substantial evidence to support the facts as found by the Commission and we believe the Commission is correct in its application of the dual purpose rule to those facts.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.