JANE TRAYLOR, INC. *v.* Frank COOKSEY

CA 89-482                                    792 S.W.2d 351

Court of Appeals of Arkansas
Division II
Opinion delivered July 5, 1990

*Chester C. Lowe, Jr.*, for appellant.

*Jones & Tiller Law Firm*, by: *Marquis E. Jones*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Workers' Compensation Commission holding that an injury sustained by appellee arose out of and in the course of his employment. The administrative law judge held the claim compensable because the claimant was driving a vehicle provided by his employer and this constituted an exception to the going and coming rule. The Commission affirmed compensability but said the going and coming rule did not apply because the employee had ceased his trip to work and had begun his assigned job at the time of the injury. We affirm.

.

■■ The going and coming rule was explained in *Fisher* v. *Proksch*, 20 Ark. App. 80, 723 S.W.2d 852 (1987), as follows:

> The going and coming rule provides that, since all persons are subject to the same street hazards while traveling, injuries sustained by employees going to and coming from work cannot ordinarily be said to arise out of and in the course of the employment within the meaning of the workers' compensation law. *Chicot Memorial Hospital* v. *Veazey*, 9 Ark. App. 18, 652 S.W.2d 631 (1983). However, our courts have recognized a number of exceptions to this rule. *See City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982).

20 Ark. App. at 82. In the *City of Sherwood* v. *Lowe* case, this court stated:

> There are numerous exceptions to the "going and coming" rule: (1) where an employee is injured while in close proximity to the employer's premises; (2) where the employer furnishes the transportation to and from work; (3) where the employee is a traveling salesman; (4) where the employee is injured on a special mission or errand; and (5) when the employer compensates the employee for his time from the moment he leaves home until he returns home.

4 Ark. App. at 163-64.

Ms. Jane Traylor testified at the hearing before the law judge and said she owns Jane Traylor, Inc., a corporation which, at the time of the injury involved, did business in one location as "Fabulous Foods by Jane" and at another location as "Traylor's Pavilion in the Park." The appellee, Frank Cooksey, testified that he was the head chef for the restaurant and catering business owned by Jane Traylor, Inc. At the time of the accident, the business had two locations, a restaurant in Little Rock in the Pavilion in the Park and a catering kitchen in North Little Rock located off Landers Road behind McCain Mall. Appellee lived in the Summertree Apartments, off Camp Robinson Road, in North Little Rock.

On Saturday, February 20, 1988, appellee was going to his

employer's restaurant in Pavilion in the Park at approximately 8:00 a.m. Saturday was not a regular workday unless a function was being catered, but Ms. Traylor had closed the restaurant in the Pavilion in the Park, and before leaving town for several days, she left instructions with her employees that certain tasks involved in wrapping up the operation were to be completed by the time of her return. It was appellee's duty to complete the food inventory and transfer any restaurant equipment which had been taken to the catering kitchen back to the restaurant.

As appellee was driving through Levy on his normal route toward the restaurant, he suddenly remembered that there were several pieces of restaurant equipment at the catering kitchen which he needed to pick up and return to the restaurant, so he changed course and headed toward the catering kitchen. As he crossed the railroad track in Levy, his automobile was hit by a train. He received a severe injury to his right knee, a less severe injury to his right arm, and some cuts and abrasions on his face.

Jane Traylor testified that the automobile appellee was driving was owned by her personally. It had been previously titled in her name and that of her husband and she had received it in the divorce. She said she had just purchased a new car and had "let Cooksey take care of the [old] car and drive it, because he was, you know, he was good to have it checked, the tires rotated, and all the things I don't like to do." She further testified that, although food was carried in the car, appellee was not restricted to using the car for business, but was also allowed to use it as his personal vehicle. When asked if it was fair to say that she had more or less loaned the car to appellee, she replied, "Given, maybe would be a better word, yes."

The administrative law judge held that the appellee's case fell within an exception to the going and coming rule because the "claimant was riding in a vehicle provided by the employer at the time of his injury," and that his claim was compensable. The judge explained:

> The second point made by respondents, is that claimant was driving the automobile owned by Ms. Traylor personally, and not owned by Jane Traylor, Inc., d/b/a Jane's Fabulous Foods which was claimant's employer.

However, clearly Ms. Traylor, and Jane Traylor, Inc., are one and the same, as there is no evidence indicating any other stockholder in Jane Traylor, Inc. The evidence shows that the automobile was loaned to the claimant definitely for the purposes of going to and from work, and was used occasionally in the catering business to run errands, and make deliveries if necessary. Testimony also unrebutted, that Ms. Traylor paid for all the expenses necessary for maintaining the automobile.

On appeal to the full Commission, the law judge's decision on compensability of the claimant's injury was affirmed, but the Commission stated:

> We find it unnecessary to consider the exceptions to the coming and going rule that have been suggested since the coming and going rule does not apply to the facts of this case. When Cooksey deviated from his route toward Little Rock and began to proceed to the North Little Rock location, he had ceased his trip to work and had begun his assigned task of moving equipment. Since he was already at work at the time that he was hit by the train, this case is really no different than it would be if he had gone to the Little Rock location and later left for North Little Rock in order to get the equipment. Both situations are clearly compensable since Cooksey was performing his regular duties when he was injured.

■■ On appeal to this court, we must review the evidence in the light most favorable to the decision of the Commission and affirm if the decision is supported by substantial evidence. *Clark v. Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). Although the law judges and Commission must weigh the evidence impartially without giving either party the benefit of the doubt, the appellate court must view the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the Commission's action. *Fowler* v. *McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987). It is the duty of the Commission to make findings of fact according to a preponderance of the evidence and not whether there is any substantial evidence to support the ruling of

the administrative law judge. *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988). In fact, the appellate court gives "no weight" at all to the findings of the law judge. *Clark* v. *Peabody Testing Service, supra, Jones* v. *Tyson Foods, supra.*

■ Therefore, without making any determination with regard to the law judge's decision, we now proceed to consider the Commission's decision. First, we note that the Commission clearly found that at the time of injury the appellee "had ceased his trip to work and had begun his assigned task of moving equipment." Also, after a very few words of discussion, the Commission added the finding that appellee "was performing his regular duties when he was injured." In the second place, we note that the Commission did not assign any rule of law, or cite any case decision, to support its decision that the appellee's injury was compensable. This court in *Mosley* v. *McGehee School District*, 30 Ark. App. 131, 783 S.W.2d 871 (1990), has said:

> In *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), the Arkansas Supreme Court held that the Arkansas Workers' Compensation Commission must make findings of fact in sufficient detail that "the reviewing court may perform its function to determine whether the commission's findings as to the existence or non-existence of the essential facts are or are not supported by the evidence." 265 Ark. 507. We relied upon *Clark* in *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986), where we reversed and remanded a Commission decision for its failure to make "specific findings" upon which it relied to reach its decision. We also cited Larson, *Workmen's Compensation Law* (1983), § 80.13, where it is pointed out that unless findings and supporting evidence are set out in the record of the Workers' Compensation Commission the review function of the court becomes meaningless.

30 Ark. App. at 133. However, in *Clark* v. *Peabody Testing Service, supra*, the Arkansas Supreme Court said:

> We do not deem a full recitation of the evidence to be required, so long as the commission's findings include a statement of those facts the commission finds to be established by the evidence in sufficient detail that the

truth or falsity of each material allegation may be demonstrated from the findings, the losing party can specify the particulars in which they are not supported by the evidence and the reviewing court may perform its function to determine whether the commission's findings as to the existence or non-existence of the essential facts are or are not supported by the evidence.

265 Ark. at 507.

We are therefore presented with a situation where the Commission has unanimously agreed that the law judge's decision need not be considered because the going and coming rule does not apply to the facts of the case. The Commission has made a determination that the appellee, at the time of his injury, "had ceased his trip to work and had begun his assigned task of moving equipment." The appellant says this finding offends the "going and coming" rule of law. It appears that it is now our task to determine if the Commission's decision is supported by substantial evidence and whether it violates or conflicts with the going and coming rule.

In his treatise on workmen's compensation law, Larson discusses the dual-purpose doctrine as set out by Judge Cardozo in *Marks' Dependents* v. *Gray*, 251 N.Y. 90, 167 N.E. 181 (1929). In 1 Larson, *Workmen's Compensation Law* § 18.12 (3/85), it is stated:

> All of these widely-assorted problems can best be solved by the application of a lucid formula stated by Judge Cardozo in *Marks' Dependents* v. *Gray* a formula which, when *rightly understood and applied*, has never yet been improved upon. [Emphasis in Larson.]

The Arkansas Supreme Court adopted the *Marks'* v. *Gray* rule in *Martin* v. *Lavender Radio & Supply, Inc.*, 228 Ark. 85, 305 S.W.2d 845 (1957), and has approved it in later cases. *See Brooks* v. *Wage* 242 Ark. 486, 414 S.W.2d 100 (1967); *Willis* v. *City of Dumas*, 250 Ark. 496, 466 S.W.2d 268 (1971); and *Wright* v. *Ben M. Hogan Co.*, 250 Ark. 960, 468 S.W.2d 233 (1971). The Arkansas Court of Appeals has applied the rule in *Rankin* v. *Rankin Construction Co.*, 12 Ark. App. 1, 669 S.W.2d

911 (1984), and *Fisher* v. *Proksch*, 20 Ark. App. 80, 723 S.W.2d 852 (1987).

■ The first case listed above, *Martin* v. *Lavender*, involved an employee, Martin, who had the duty to pick up the mail from the post office by either stopping at the post office on his way to work, or going to his office and sending another employee for the mail. On the day he was injured in an automobile collision, he had not reached the point at which he would have turned off to get the mail and it was held that the injury did not arise during the course of his employment. The court based its decision upon the test in *Marks'* v. *Gray* which it explained as follows:

> The reasoning set forth by Justice Cardozo seems to us to be entirely logical and persuasive, and worthy of adoption. This, then, is the rule that governs this case. *"The decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to the perils. . . . We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause, . . ."* and sufficient within itself to occasion the journey.

228 Ark. at 92 (emphasis in Martin). So, the court in *Martin* said the duty to pick up the mail did not send Martin upon the journey. He would have made the trip and would have been in the exact location where the accident occurred, though he had no duty to pick up the mail. The court in further discussion said it would not be necessary to deviate from the normal route to be acting in the course of employment; if the post office had been on his normal route and Martin had stopped to get the mail he would be acting in the scope of his employment when he stopped—but not before.

■ *Martin* and the other cases cited above, in which the "dual-purpose" doctrine of *Marks'* v. *Gray* has been applied, make it clear that the appellee in the instant case was in the course of his employment when he turned from his route to the restaurant in the Pavilion in the Park to go to the catering kitchen behind McCain Mall to pick up the equipment he had been directed to return to the restaurant. It is clear that someone would have had to get this equipment and take it to the restaurant. Once the appellee turned toward the catering kitchen for that purpose,

· he was, at least, on a "dual-purpose" journey and therefore in the course of his employment.

It was for the Commission to decide the facts. Its decision in that regard is clear and supported by substantial evidence. While the Commission did not say "dual-purpose" rule, it did make it clear that its decision was not based on an exception to the going and coming rule; and the Commission's opinion plainly states: "When Cooksey deviated from his route toward Little Rock and began to proceed to the North Little Rock location, he had ceased his trip to work and had begun his assigned task of moving equipment." Even if the statement is not completely correct—and he was on a *dual-purpose* trip—the Commission's finding of essential facts is certainly sufficient for us to review and for the parties to identify. The Commission's conclusion of law is clear and precise. We see no reason why it should not be affirmed.

Affirmed.

CRACRAFT and COOPER, JJ., agree.