Linda DAY *v.* CENTRAL DAY CARE, INC. and
Rockwood Insurance Company

CA 91-352                                                 833 S.W.2d 783

Court of Appeals of Arkansas
Division I
Opinion delivered June 10, 1992
[Rehearing denied July 8, 1992.]

242

*L. David Stubbs*, for appellant.

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Carey E. Basham*, for appellees.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case was employed by the appellee on December 18, 1989, when she was injured. The appellant filed a claim for benefits which, after a hearing, was denied on a finding that the appellant did not sustain an injury arising out of and in the course of her employment. From that decision, comes this appeal. We affirm.

The facts of this case can be simply stated. The appellant had been employed by the appellee for approximately two years. In addition to her secretarial duties, the appellant ran errands in her personal vehicle at the direction of her employer. On December 18, 1989, the appellant was directed by the appellee to drop off some material at a CPA firm across town. After dropping off

these materials, and while en route back to the appellee's premises, the appellant stopped by a florist to pick up an order which she had placed for herself earlier by telephone. The florist shop was located on the direct route between the CPA's office and the appellee's place of business on Highway 165. In turning off Highway 165 to the florist, the appellant deviated a distance of 30 to 40 feet. The appellant slipped on some ice and fractured her left ankle while returning to her vehicle carrying a poinsettia.

For reversal, the appellant argued that the Commission erred in failing to apply the "dual purpose" trip doctrine; she contends that application of that doctrine would compel a conclusion that her injury arose out of and in the course of her employment.

The appellant correctly states that the dual purpose doctrine has often been applied in Arkansas. *See, e.g., Martin* v. *Lavender Radio & Supply,* 228 Ark. 85, 305 S.W.2d 845 (1957); *Rankin* v. *Rankin Construction Co.,* 12 Ark. App. 1, 669 S.W.2d 911 (1984). In *Rankin, supra,* we stated that the dual purpose doctrine provides that an injury is within the course of employment if it is sustained during a trip which serves both a business and a personal purpose, if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey. *Id.* at 2-3, *quoting* 1 Larson, *Workmen's Compensation Law* § 18.00 (1982). Likewise, we stated in *Rankin* that the "decisive test" in determining whether the risks of travel are also the risks of the employment is whether "it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils." *Rankin,* 12 Ark. App. at 3, *quoting Marks' Dependents* v. *Gray,* 251 N.Y. 90, 167 N.E. 181 (1929).

The appellant contends that, because it was the employer's errand at the CPA office that "sent her forth," she was therefore, as a matter of law, acting within the course and scope of her employment at the time of her injury under the test enunciated in *Marks' Dependents, supra.* We do not agree. The appellant's argument overlooks the fact that the dual purpose doctrine is merely one exception to the "going and coming" rule, which ordinarily precludes recovery for an injury sustained while

the employee is going to or returning from his place of employment. *See generally Woodard* v. *White Spot Cafe*, 30 Ark. App. 221, 785 S.W.2d 54 (1990). However, a determination that a trip falls within the "dual purpose" exception to the going and coming rule does not end the inquiry; instead, the dual purpose doctrine merely serves to label the overall trip as either business or personal; deviations from the main purpose require a separate inquiry. *See* 1 Larson, *The Law of Workmen's Compensation* § 19.10 (1991).

██ In cases such as the case at bar, where the denial of relief is based on the claimant's failure to prove entitlement by the preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Weller* v. *Darling Store Fixtures*, 38 Ark. App. 95, 828 S.W.2d 858 (1992). Here, the Commission based its denial of relief on its finding that the appellant was engaged in a totally personal errand at the time she was injured. We think it significant that the Commission also stated that the risk of slipping on ice while stopped to engage in a personal errand was not a risk of the appellant's employment. It has been stated that "if the risks of the deviation itself are operative in producing the accident, this in itself will weigh heavily on the side of non-compensability." 1 Larson, *supra*, at § 19.61. Given that the appellant in the case at bar had completed her employer's errand and was returning to work in her vehicle, we think that the Commission could properly find that slipping on ice was a risk of the deviation, rather than of the employment. In light of the Commission's finding to that effect, we cannot say that its opinion does not provide a substantial basis for the denial of relief.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.