Pam LEPARD and Ann Lepard *v.*
WEST MEMPHIS MACHINE & WELDING
and Liberty Mutual Insurance Company

CA 94-1356                              908 S.W.2d 666

Court of Appeals of Arkansas
Division II
Opinion delivered November 8, 1995

54

*James, Yeatman & Carter, PLC*, by: *Paul J. James*, and *Etoch Law Firm*, by *Louis A. Etoch*, for appellants.

*Rieves & Mayton*, by: *William J. Stanley*, for appellees.

JOHN B. ROBBINS, Judge. On July 17, 1992, a train collided with a vehicle being driven by West Memphis Machine and Welding employee Donald Ray Lepard, causing Mr. Lepard's death. Mr. Lepard's wife, Pamela Lepard, and former wife, Ann Lepard (on behalf of his minor child), brought a claim for workers' compensation benefits. The Workers' Compensation Commission denied benefits, ruling that compensability was precluded by the "going and coming" rule. Pamela Lepard and Ann Lepard now appeal, arguing that the Commission's finding that their claim was barred by the "going and coming" rule was not supported by substantial evidence. We affirm.

■ The "going and coming" rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from his place of employment. *Woodard* v. *White Spot Cafe*, 30 Ark. App. 221, 785 S.W.2d 54 (1990). The rationale behind this rule is that an employee is not within the course of his employment while traveling to or from his job. *Brooks* v. *Wage*, 242 Ark. 486, 414 S.W.2d 100 (1967).

■ When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

The relevant facts in this case are not in dispute. Mr. Lepard had been an employee of West Memphis Machine and Welding for several months prior to the accident. Approximately two months before the accident, Mr. Lepard and his wife were having transportation problems because they owned only one vehicle. Because of this dilemma, Mr. Lepard asked his employer if he could borrow a company truck for the purpose of getting back

and forth to work. William Johnson, owner of West Memphis Machine and Welding, agreed to lend Mr. Lepard one of the company's trucks for this purpose. It was agreed that Mr. Lepard would purchase $25.00 of gas each week for the truck which was intended to equate the amount of gas used in his trips to and from work. Mr. Lepard also agreed to periodically clean and service the truck. On occasion, Mr. Lepard would run company errands while at work, and on those occasions Mr. Johnson would pay for the gas. Upon returning home from work, Mr. Lepard would park the truck and not drive it until time to go to work again.

On the day of the accident, Mr. Lepard telephoned Julie Smrt before driving the company truck home at the end of the work day. Ms. Smrt is Mr. Johnson's daughter and was a co-worker of Mr. Lepard. Mr. Lepard told Ms. Smrt that he was about to leave work and asked if she wanted him to come by her house with her paycheck. Ms. Smrt responded that this was unnecessary and informed Mr. Lepard that she would come to the office and get it herself. However, Mr. Lepard told Ms. Smrt that he did not mind going out of his way and bringing it to her. After this conversation Mr. Lepard drove the truck to Ms. Smrt's home, gave her the paycheck, visited for about fifteen minutes, and proceeded to drive toward his house. About three blocks from his house, Mr. Lepard collided with a train and suffered fatal injuries. The Commission denied appellants' claim for death benefits.

■ For reversal, the appellants argue that the Commission erred in finding that their claim was barred by the "going and coming" rule. Although this rule ordinarily precludes compensation, the appellants correctly state that there are exceptions to the rule. These exceptions are outlined in *Jane Traylor, Inc.* v. *Cooksey*, 31 Ark. App. 245, 792 S.W.2d 351 (1990), as follows:

> (1) where an employee is injured while in close proximity to the employer's premises; (2) where the employer furnishes the transportation and to and from work; (3) where the employee is a traveling salesman; (4) where the employee is injured on a special mission or errand; and (5) when the employer compensates the employee for his time from the moment he leaves home until he returns home.

The appellants rely on the second and fourth exceptions for their argument. They contend that there was an exception to the "going and coming" rule because it was undisputed that Mr. Lepard's employer provided him transportation to and from work by furnishing him a truck for this purpose. Alternatively, the appellants argue that there was an exception to the rule in this case because Mr. Lepard was engaged in a "special mission or errand" at the time of his death.

■ In determining that an exception to the rule did not arise on the basis of the truck being owned by the employer, the Commission relied on the fact that there was no nexus between the travel and employment in this case. The appellants assert that this standard was erroneous as a matter of law. We disagree. In *Rankin* v. *Rankin Constr. Co.*, 12 Ark. App. 1, 669 S.W.2d 911 (1984), the claimant injured himself while driving home in a vehicle owned by his employer. That case is distinguishable because there the journey did not start from the employer's premises. Nevertheless, we stated that, in order to determine whether the claimant's injuries arose out of his employment, there must be a "connection, or nexus, between the travel and the employment." Similarly, we think that some nexus between the employment and travel must be present in order for a claimant to recover for injuries sustained on a trip from his employer's premises to his home.

■ One such nexus which could give rise to compensability would be if the employer provided the transportation as part of the employee's compensation, or if the employer benefitted from the furnishing of transportation because the employee was perpetually "on call." *See generally Arkansas Power and Light Co.* v. *Cox*, 229 Ark. 20, 313 S.W.2d 91 (1958). In the case at bar, the company truck was supplied by the employer as a pure gratuity, with no benefit accruing to the employer. The use of the truck was not part of Mr. Lepard's compensation and he was never "on call" during the two months that he was driving the truck. He was simply able to use the truck to get back and forth to work because he and his wife had only one vehicle and his employer chose to help him with his problem, without the expectation of anything in return.

■ Although this court has never specifically stated that

the "furnishing of transportation" exception to the "going and coming" rule does not apply when the transportation is furnished solely as a gratuity, we now take the opportunity to do so. In *Arkansas Power and Light Co.* v. *Cox, supra,* the supreme court quoted *Venho* v. *Ostrander Railway and Timber Co.,* 52 P.2d 1267 (Washington 1936), as follows:

> When a workman is so injured, while being transported in a vehicle furnished by his employer as an incident of the employment, he is within 'the course of his employment,' as contemplated by the act. In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. . . .

> This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation.

In the instant case, the vehicle was not lent to Mr. Lepard for the mutual benefit of him and his employer, since his employer received no benefit. In addition, the appellee employer did not have a custom of providing transportation for its employees, nor did part of the employment agreement include the furnishing of transportation. The truck was being used gratuitously, and as such the fact that it was owned by the employer does not give rise to an exception to the "going and coming" rule. This principle has been applied in other jurisdictions, and we now adopt it. *See Unity Auto Parts, Inc.* v. *Workman's Compensation Appeal Bd.,* 610 A.2d 1071 (Pa. Commw. 1991). In *Williams and Johnson* v. *National Youth Corps,* 269 Ark. 649, 600 S.W.2d 27 (1980), we stated that the mere fact that an accident occurs while an employee is riding in a vehicle owned by his employer is not sufficient to support a finding of compensability. The fact that Mr. Lepard was driving his employer's truck at the time of his accident does not, in itself, render the accident compensable.

██   The appellant's remaining argument is that the Commission erroneously failed to find an exception to the "going and coming" rule on the basis that Mr. Lepard was engaged in a busi-

ness errand in addition to the personal purpose of going home when he suffered the fatal accident. Specifically, Mr. Lepard contends that, when he delivered the paycheck to Ms. Smrt, he was engaging in business that benefitted his employer. We reject this argument because the evidence showed that Mr. Johnson did not instruct Mr. Lepard to deliver the check, nor was he even aware that Mr. Lepard was going to make the delivery. As far as Mr. Johnson was concerned, Mr. Lepard was off the clock when he left work on the day of the accident. Ms. Smrt testified that she did not ask Mr. Lepard to deliver the check, and that he did so as a friendly gesture. Clearly, West Memphis Machine and Welding did not benefit from the delivery of the check, particularly in light of the fact that Ms. Smrt had already planned to come in and personally pick up the check. In *Jane Traylor, Inc.* v. *Cooksey, supra,* we analyzed the issue of whether a "dual purpose" journey could give rise to compensation, and we stated:

> The decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to the perils. . . . We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause . . . and sufficient within itself to occasion the journey. (Quoting *Martin* v. *Lavender Radio and Supply, Inc.,* 228 Ark. 85, 305 S.W.2d 845 (1957).)

*Jane Traylor, Inc.* v. *Cooksey,* 31 Ark. App. at 252, 792 S.W.2d at 354. In the instant case, the trip undertaken by Mr. Lepard provided no service to his employer, thus his subsequent accident was not compensable.

We find that substantial evidence supports the Commission's ruling, and we affirm.

PITTMAN and MAYFIELD, JJ., agree.