S & S CONSTRUCTION, INC., and ITT Hartford Insurance Co.
*v.* Jerry COPLIN and Second Injury Fund

CA 98-617                                                      986 S.W.2d 132

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered March 3, 1999

*Anderson, Murphy & Hopkins*, by: *Randy P. Murphy* and *Penny B. Wilbourn*, for appellant.

*Terry Pence*, for appellee.

Margaret Meads, Judge. In this appeal from the Workers' Compensation Commission, appellants argue two points for reversal: (1) the Commission's finding that appellee Jerry Coplin ("Coplin") sustained a seventy-five percent wage-loss disability in addition to a ten-percent anatomical impairment to the body as a whole is not supported by substantial evidence; and (2) the Commission's finding that the Second Injury Fund has no liability is not supported by substantial evidence. On cross-appeal, Coplin argues that the appeal should be remanded because the order appealed from is not a final appealable order.

Coplin was injured on March 25, 1992, when a ladder was dropped on him from above, striking him in the back. An MRI revealed that he suffered a disc herniation at L4-5. Appellants accepted the injury as compensable, and Coplin was treated conservatively until he underwent anterior lumbar fusion surgery at

L4-5 on May 26, 1993. Appellants paid all appropriate temporary total disability benefits as well as a twenty percent permanent anatomical impairment to the body as a whole.

A hearing was held on December 13, 1996, before an administrative law judge (ALJ) to decide whether Coplin was entitled to additional permanent disability benefits and to determine whether the Second Injury Fund had any liability due to a previous back injury which Coplin had sustained in 1969 while working for another employer, which had resulted in lumbar fusion surgery at L5-S1. The ALJ found that Coplin was permanently and totally disabled and that the Second Injury Fund had no liability.

On appeal to the Full Commission, all three commissioners agreed that the Second Injury Fund had no liability. However, each commissioner reached a different conclusion with regard to the issue of permanent disability. Because the Commission has no authority to enter an "order" in which there is no majority agreement, we remand to the Commission with directions to construe its opinion filed January 22, 1998.

■ ■ The Commission is charged with the duty to make and enter findings of fact and conclusions of law. Ark. Code Ann. § 11-9-207(a)(5) (Repl. 1996). As the fact finder, it is obligated to make specific findings of fact on *de novo* review based on the record as a whole, and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence. *Wilson v. Cargill, Inc.*, 45 Ark. App. 174, 873 S.W.2d 171 (1994). This court does not review decisions of the Commission *de novo* on the record or make findings of fact that the Commission should have made but did not. *Sonic Drive-In v. Wade*, 36 Ark. App. 4, 816 S.W.2d 889 (1991).

■ Moreover, a majority of the Commission is required to reach a decision. *See* Ark. Code Ann. § 11-9-204(b)(1) (Repl. 1996); *Mad Butcher, Inc. v. Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982). With regard to decisions made by the Commission, this court may modify, reverse, remand for rehearing, or set aside an award or order if, among other things, the Commission acted

without or in excess of its powers. Ark. Code Ann. § 11-9-711(b)(4)(A) (Repl. 1996).

In the present case, with regard to the issue of Coplin's permanent disability, Chairman Coffman wrote the "Opinion and Order" and concluded, "[W]e find that the claimaint has sustained wage loss disability in the amount of seventy-five percent." Commissioner Humphrey, in a "Concurring and Dissenting Opinion," wrote, "I must respectfully dissent from the finding that claimant has failed to prove by a preponderance of the evidence that he is permanently and totally disabled . . . [and] would affirm the opinion of the Administrative Law Judge finding that claimant is entitled to benefits for permanent total disability." Commissioner Wilson, in a "Concurring and Dissenting Opinion," wrote, "I must respectfully dissent from the majority opinion finding that the claimant has sustained wage loss disability in the amount of seventy-five percent to the body as a whole." With this apparent conflict among the commissioners, we cannot determine what award has been made to appellee Coplin for his permanent disability.

Appellants contend that Chairman Coffman's opinion is sufficient and constitutes the Commission's opinion. We disagree. No commissioner's vote carries more weight than another's. While two-to-one decisions are frequently issued by the Commission, those are majority decisions. Because the Commission has no authority to hand down an opinion that is not a majority decision, and because the opinion handed down in this case contains no clear majority decision as to permanent disability, we remand this issue to the Commission to construe its order.

While we recognize that the three commissioners are in agreement with regard to the liability of the Second Injury Fund, in order that this case not be decided piecemeal on appeal, we remand to the Commission on both issues. *Sonic Drive-In v. Wade,* *supra.*

Remanded.

GRIFFEN, HART, JENNINGS, BIRD, and ROAF, JJ., agree.