SOUTHWEST ARKANSAS DEVELOPMENT COUNCIL, INC. and Employer Risk Management Resources *v.* Irene TIDWELL

CA 05-1198                                    233 S.W.3d 190

Court of Appeals of Arkansas
Opinion delivered March 22, 2006

*Friday, Eldredge & Clark, LLP*, by: *Betty J. Demory*, for appellants.

*Scott Allen Scholl*, for appellant.

JOHN B. ROBBINS, Judge. Appellant Southwest Arkansas Development Council, Inc., and its insurance carrier, Risk Management Resources (collectively "Southwest") appeal the award of benefits to appellee Irene Tidwell in her claim for workers' compensation benefits. The sole issue at the Workers' Compensation Commission level, and to us on appeal, is whether appellee was performing employment services at the time of her injury. The Commission found that appellee was performing employment services at the time of her injury. Southwest contends that this finding is not supported by substantial evidence and is an erroneous interpretation of the law. We affirm.

This court reviews decisions of the Workers' Compensation Commission to determine whether there is substantial evidence to support it. *Rice v. Georgia-Pacific Corp.*, 72 Ark. App. 149, 35 S.W.3d 328 (2000). Substantial evidence is that relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if its findings are supported by substantial evidence. *Geo Specialty Chem. v. Clingan*, 69 Ark. App. 369, 13 S.W.3d 218 (2000). The issue is not whether we might have reached a different decision or whether the evidence would have supported a contrary finding; instead, we affirm if reasonable minds could have reached the conclusion rendered by the Commission. *Sharp County Sheriff's Dep't v. Ozark Acres Improvement Dist.*, 75 Ark. App. 250, 57 S.W.3d 764 (2001).

We do not review the decision of the administrative law judge but rather we determine whether the Commission's decision upon its de novo review is supported by substantial evidence. *See, e.g., Jones v. Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981). A majority of the Commission is required to reach a decision. *See* Ark. Code Ann. § 11-9-204(b)(1) (Repl. 1996); *see also S & S Constr., Inc. v. Coplin*, 65 Ark. App. 251, 986 S.W.2d 132 (1999). Two-to-one decisions are frequently issued by the Commission, and those are majority decisions. *S & S Constr., Inc. v. Coplin, supra.* In this appeal, it is the majority opinion issued by the Commission that we review.

There is no dispute about the relevant facts. Appellee worked as an in-home client service assistant, providing assisted-living services for home-bound persons in southern Arkansas. On January 9, 2002, she had provided services to one client and was driving toward another client's home. En route, appellee pulled off the highway into a convenience store parking lot to buy a soft drink because she was thirsty. She returned to her vehicle, and as she drove out of the parking lot and back onto the highway, her vehicle was hit by a truck. She filed a claim for the injuries she sustained in the accident. Southwest resisted the claim on the basis that appellee was not performing employment services at the time of her injury because she had deviated from her job duties. Appellee contended that she did not deviate from her duties because this personal need was no different than any other such need in a fixed workplace. Appellee also contended that even if she had "deviated" from her work momentarily, at the time of her injury she was traveling toward the next work site and had resumed her work activities.

The administrative law judge denied benefits. Appellee appealed to the Commission, which reviewed the relevant case authority and found on de novo review that appellee's claim was compensable. It found that the cases of *Collins v. Excel Specialty Prods.*, 347 Ark. 811, 69 S.W.3d 14 (2002); *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002); and *Wallace v. West Fraser South*, 90 Ark. App. 38, 203 S.W.3d 646 (2005), required this result. The Commission's decision stated in pertinent part that:

> The claimant's act in stopping for a soft drink was something permitted by her employer and one that did not detract or conflict with her purpose of traveling to the employer's client to perform

employment services. As noted by the Supreme Court in *Collins*, an act which the employer contemplates and permits is part of an employee's employment services. Further, even if it were true that obtaining a soft drink was a deviation from the claimant's employment so as to remove her from the realm of employment service, under the holding of *Wallace*, the claimant had returned to her employment duties in attempting to pull back onto the roadway. At that point, her break had ended and she was once again attempting to carry out the employer's purpose in traveling to provide services to their client.

The holdings of the Arkansas Supreme Court and the Arkansas Court of Appeals compel us to find that the claimant was engaged in employment services at the time of her injury. The criteria set out by those appellate courts clearly bring claimant's conduct into the realm of employment services and their holdings are binding upon this Commission.

The dissenting Commissioner expressed disagreement, viewing the cases cited above to be distinguishable because in those cases, the claimant was actually on the employer's premises. The dissenter also noted that the *Wallace* case was under review by the Arkansas Supreme Court. Southwest has now appealed to our court seeking reversal of the prevailing majority opinion issued by the Commission.

Appellant Southwest's arguments on appeal echo the points articulated by the dissenting Commissioner. In our consideration of this appeal, we first note that the *Wallace* case on review has been decided by our supreme court in *Wallace v. West Fraser South, Inc.*, 365 Ark. 68, 225 S.W.3d 361 (2006). In that case, the critical issue was whether Wallace was performing employment services at the time he fell and injured himself. He had taken a break from driving a fork lift on the employer's work site. As Wallace was "coming off break" walking back toward the fork lift, he fell. The supreme court recognized that it had to construe the Workers' Compensation Act strictly and define the phrase "employment services" within the parameters of Act 796 of 1993. It examined the appellate case law in Arkansas giving meaning to "employment services" including *Collins, supra.* The supreme court found instructive the cases in which a claimant was awarded benefits when he or she was returning to work after a break. *See Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002); *Matlock v.*

*Arkansas Blue Cross & Blue Shield*, 74 Ark. App. 322, 49 S.W.3d 126 (2001). The supreme court declined to adopt a bright-line rule that any employee on a break is per se performing employment services. Instead, it held that Wallace was performing employment services because he was returning to his work after a permissible break period, and that nothing in the record showed that Wallace's actions were inconsistent with his employer's interests in advancing the work.

■ We can find no meaningful distinction to be drawn between Mr. Wallace returning from his break to his work and the present appellee's returning from a permissible stop to resume her work travel. They were both "coming off a break," and thus, the deviation from work was completed. As construed by our appellate courts, appellee was performing employment services at the time of her injury. The Commission did not err in so finding.

■ With regard to the contention that appellee was not on company property at the time of her injury, we disagree that this is a bar to her recovery of benefits. In *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997), the supreme court recognized that an employee is generally said not to be acting within the course of employment when he or she is traveling to and from the workplace. This "going and coming" rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from his place of employment. *Lepard v. West Memphis Mach. & Welding*, 51 Ark. App. 53, 908 S.W.2d 666 (1995). There are, however, exceptions to this rule. *Olsten, supra.* In the *Olsten* case, the claimant was an in-home nursing assistant who had to drive to each client's home to provide care. Ms. Olsten was injured in a vehicular accident en route to a client's home, and her claim was approved because she was deemed to have been providing employment services at the time she was injured. The supreme court noted that Ms. Olsten "was required by the very nature of her job description to submit herself to the hazards of day-to-day travel in her own vehicle, back and forth to the homes of her patients," which meant she was acting within the course of her employment when she was injured. *Id.*, 328 Ark. at 386. Likewise, appellee in the instant case was traveling between clients' homes when she took a short break to buy a drink for herself, and had resumed the travel necessary to offer in-home

services to Southwest's clients. The Commission correctly determined that she was acting within the scope of her employment and providing employment services when she was injured en route to her next job site.

Because the Commission's decision is supported by substantial evidence and demonstrates no error in the application of relevant law, we affirm.

Affirmed.

GRIFFEN and NEAL, JJ., agree.