

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-723

| | | | |
|---|---|---|---|
| | | **Opinion Delivered** January 22, 2014 | |
| JOHN WILLIAMS | | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [Nos. G103143, G103822] | |
| V. | | | |
| BALDOR ELECTRIC COMPANY and SEDGWICK INSURANCE | | | |
| | APPELLEES | AFFIRMED | |

## LARRY D. VAUGHT, Judge

Appellant John Williams appeals the decision of the Workers' Compensation Commission, affirming and adopting the administrative law judge's (ALJ) denial of benefits for a right-shoulder injury. Specifically, the Commission found that Williams failed to prove a causal connection between objective findings of an injury and a work-related incident. We affirm.

Williams, forty-four years old, began full-time employment with appellee Baldor Electric Company in June 2004. He testified that while at work on November 15, 2009, he was moving a two-by-three-foot buggy that was filled with parts and weighed about fifty pounds when it struck another buggy. As a result of the impact, Williams testified that he felt "pressure up in [his] shoulder . . . like a separation." He also said it was "kind of like a pop . . . but it wasn't loud," and that he felt tension and pain. He said that he reported his injury to Danny Little, the coordinator of his department, but did not fill out an incident report. Williams said that the next morning he spoke with Baldor's occupational health director, Perry Goines, in the parking lot, telling him that he (Williams) had hurt his shoulder. Williams testified that he told several other

SLIP OPINION

people at work about his injury immediately after it occurred, including Debbie Frick, Sonya Hancock, Mike Gibson, Mike Guse, and Jason Floyd. Floyd testified at the hearing. He said that he did not witness the accident, but that one day, Williams told him, "I [Williams] think I hurt my shoulder pushing buggies or something."

Williams further testified that he saw the company doctor, Dr. Randall Carson, several times with complaints of shoulder pain and that he told Dr. Carson that his shoulder injury was caused by pushing the buggy. Williams also testified that he told orthopedic specialist Dr. Keith Bolyard his right-shoulder injury was caused by pushing a buggy at work in November 2009.

Goines testified that one day in the parking lot he visited with Williams about his shoulder hurting. However, Goines stated that Williams said it bothered him to work the drill press; he did not say anything about two buggies crashing. Little testified that Williams had told him (Little) about shoulder problems in the context of using the drill press. Little added that Williams did not report a shoulder injury caused by a buggy accident in November 2009.

The medical evidence introduced at the hearing reflects that Williams's first visit to Dr. Carson with shoulder complaints was January 22, 2010, at which time Williams reported an eight-week history of shoulder pain when reaching and lifting. There was no report of a buggy accident. Williams saw Dr. Carson again in June 2010 and November 2010, but did not attribute his shoulder pain to a specific incident or injury. In January 2011, Williams saw Dr. Carson and attributed his right-shoulder pain to flipping cast-iron parts and using a grease gun at work. In March 2011, Williams was seen by Dr. Carson, and that report notes that Williams had shoulder pain for one-and-a-half years with an unknown etiology. After an April 2011 visit to Dr. Carson

SLIP OPINION

when Williams continued to report shoulder pain, the doctor referred Williams for an orthopedic consult with Dr. Bolyard.

Williams's first visit with Dr. Bolyard was October 6, 2011, and his records reflect that Williams reported hearing a pop in his shoulder in November 2009 while pushing a buggy. Dr. Bolyard recommended an MRI/arthrogram, which revealed a SLAP tear/complex labral tear. Dr. Bolyard referred Williams to an orthopedic surgeon, Dr. Joseph Bylak.

Williams was seen by Dr. Bylak on March 27, 2012. Dr. Bylak's report of that date reflects that Williams was "pulling apart some buggies and felt pain in his shoulder." Dr. Bylak noted the objective findings on the MRI/arthrogram and recommended shoulder surgery. The surgery was performed by Dr. Bylak on June 1, 2012.

On October 10, 2012, the ALJ issued an opinion denying Williams's claim. The ALJ noted objective findings of a right-shoulder injury, but found that Williams failed to meet his burden of proving that his shoulder injury was related to an incident at work on November 15, 2009. The ALJ found that the only evidence in the record supporting Williams's claim that he suffered a work-related shoulder injury was his own testimony. And the ALJ found that Williams's testimony was not credible for on multiple reasons. First, Little and Goines both denied Williams's claim that he had reported a November 2009 work-related buggy accident to them, although they agreed he told them he had been having shoulder problems. (The ALJ specifically found that the testimony of Little and Goines was credible.) Second, Williams did not seek medical attention for his shoulder until January 2010. Third, Williams did not mention the buggy incident to Dr. Carson despite multiple visits to him. Fourth, in Williams's September

2011 deposition, he testified that the pain in his shoulder was caused by operating a drill press. It was not until his second deposition in June 2012 that Williams testified that the buggy accident was the cause of his shoulder injury.

Moreover, the ALJ addressed the medical evidence, focusing on if and when each of Williams's doctors noted when and how Williams's shoulder injury occurred. The ALJ found that despite Williams's claim that his injury occurred in November 2009, the first mention of shoulder pain in the medical evidence was not until January 22, 2010. On that date, Williams was seen by Dr. Carson, and his report did not attribute the pain to a buggy accident or any other specific incident or injury. The first mention of the buggy incident in the medical evidence was in Dr. Bolyard's October 6, 2011 report. The ALJ acknowledged Dr. Bolyard's opinion on causation:

> [M]y opinion of the probable cause of Mr. Williams's injury is based on the history provided to me by him on October 6, 2011. If Mr. Williams reported an incident of a pop in his right shoulder when pushing a buggy, then his injury is work related. If this incident was not reported then I would have to say the injury is not work related.

However, the ALJ gave little weight to this opinion because it was based solely on Williams's history.

Finally, the ALJ noted Floyd's testimony—that Williams told him he had hurt his shoulder pushing or pulling a buggy—but she found that it was unconvincing because Floyd did not see the accident and reported only what Williams had told him.

Williams appealed the ALJ's decision to the Commission, which on May 2, 2013, affirmed and adopted the ALJ's decision. Williams appeals, arguing that substantial evidence fails to support the Commission's decision.

The standard of review in workers' compensation cases is well settled. On appeal, this court must determine whether there is substantial evidence to support the Commission's decision. *Ford v. Chemipulp Process, Inc.*, 63 Ark. App. 260, 263, 977 S.W.2d 5, 7 (1998). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Id.* at 264, 977 S.W.2d at 7. The evidence is viewed in the light most favorable to the findings of the Commission and is given its strongest probative value in favor of the Commission's decision. *Id.*, 977 S.W.2d at 7. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*, 977 S.W.2d at 7–8.

A claimant has the burden of proving the compensability of his claim by a preponderance of the evidence. *Id.*, 977 S.W.2d at 7–8. An accidental injury is caused by a specific incident, identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). For an accidental injury to be compensable, the claimant must show that he sustained an accidental injury; that it caused internal or external physical injury to the body; that the injury arose out of and in the course of employment; and that the injury required medical services or resulted in disability or death. *Ford*, 63 Ark. App. at 264–65, 977 S.W.2d at 8. Additionally, the claimant must establish a compensable injury by medical evidence, supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D).

While Williams argues that substantial evidence does not support the Commission's decision that he failed to prove that he suffered a compensable injury to his right shoulder, we hold that there is no error and issue a memorandum opinion affirming the Commission's

decision. *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985). Memorandum opinions may be issued in any or all of the following cases:

> (a) Where the only substantial question involved is the sufficiency of the evidence;
> (b) Where the opinion, or findings of fact and conclusions of law, of the trial court or agency adequately explain the decision and we affirm;
> (c) Where the trial court or agency does not abuse its discretion and that is the only substantial issue involved; and
> (d) Where the disposition of the appeal is clearly controlled by a prior holding of this court or the Arkansas Supreme Court and we do not find that our holding should be changed or that the case should be certified to the supreme court.

*Id.* at 302, 700 S.W.2d at 63. This case falls squarely within categories (a) and (b). The only question on appeal is whether the Commission's decision was supported by sufficient evidence. Further, the Commission's opinion adequately explains its decision. We note that it is the Commission's duty, not ours, to make credibility determinations, to weigh the evidence, and to resolve conflicts in the medical testimony and evidence. *Tango Truck Servs., Inc. v. Skinner*, 2013 Ark. App. 682, at 2. We therefore affirm the Commission's decision by memorandum opinion.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Michael Hamby, P.A.*, by: *Michael Hamby*, for appellant.

*Tom Harper*, for appellee.