

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–768

| | |
|---|---|
| QUICK-IT ENTERPRISES, INC. TRIANGLE INSURANCE COMPANY, INC. | **Opinion Delivered** February 12, 2014 |
| APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | [NO. G101686] |
| A.D. DORSEY | |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

A.D. Dorsey worked as a truck driver for Quick-It Enterprises, Inc. He suffered an admittedly compensable injury to his knee on February 24, 2011. Quick-It and Triangle Insurance Company, Inc., the compensation carrier, controverted his claim for additional medical benefits in the form of total knee replacement surgery. Following a hearing, the Administrative Law Judge concluded that Dorsey had proved by a preponderance of the evidence that the additional medical treatment was reasonable and necessary. The ALJ's decision was affirmed and adopted by the Commission. This appeal followed. In seeking reversal of the Commission's decision, appellants contend that it is not supported by substantial evidence. We disagree and affirm.

In reviewing workers' compensation cases, we must determine whether there is substantial evidence to support the Commission's decision. *Williams v. Baldor Elect. Co.*, 2014 Ark. App. 62. Substantial evidence is that relevant evidence which a reasonable mind might

accept as adequate to support a conclusion. *Id*. The evidence is viewed in the light most favorable to the findings of the Commission and is given its strongest probative value in favor of the Commission's decision. *Id*. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id*.

Memorandum opinions may be issued under certain circumstances delineated in *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), including 1) where the only substantial question involved is the sufficiency of the evidence, and 2) where the opinion, or findings of fact and conclusions of law, of the trial court or agency adequately explain the decision and we affirm.

Here, the only issue presented to us challenges the sufficiency of the evidence supporting the Commission's decision to award additional medical treatment, and the Commission's opinion, which affirmed and adopted that of the ALJ, adequately explains the basis for that decision. We therefore affirm by memorandum opinion.

Affirmed.

HARRISON and WYNNE, JJ., agree.

*Roberts Law Firm, P.A.*, by: *Jeremy Swearingen* and *Emily A. Neal*, for appellants.

*Laura Beth York*, for appellee.