
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-453

| | |
|---|---|
| CONTINENTAL CONSTRUCTION COMPANY and TRAVELERS INDEMNITY COMPANY<br><br>APPELLANTS<br><br>V.<br><br>RONNIE J. NABORS<br><br>APPELLEE | **Opinion Delivered** February 4, 2015<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[ No. F903914]<br><br><br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellants Continental Construction Company (Continental) and Travelers Indemnity Company (Travelers) appeal from an opinion of the Arkansas Workers' Compensation Commission awarding appellee Ronnie Nabors benefits for an injury he sustained during his employment with Continental. The Commission affirmed and adopted the administrative law judge's decision that Nabors sustained a compensable injury when he slipped on the ice on the morning of March 2, 2009, while walking from the main gate of the construction site to his employer's work trailer prior to clocking in. On appeal, appellants argue that substantial evidence does not support the Commission's finding that Nabors was performing employment services when he was injured. Specifically, appellants argue that the going-and-coming rule precludes recovery because Nabors was injured while walking to Continental's work trailer to clock in for the day. We affirm because substantial evidence supports the Commission's finding that Nabors

had already engaged in employment activity by donning his personal protective equipment and swiping an access card to obtain entry to the job site.

On and before March 2, 2009, Nabors worked full-time as an iron worker for Continental, assisting in the construction of a power plant near Blytheville, Arkansas. Continental was one of several subcontractors involved in the project. The site was controlled by the general contractor, Zachary and Dynegy Construction (Zachary), which erected a fence surrounding the job site and controlled entry and exit of all workers through one main gate. In order to enter the gate, Zachary required all workers to don their personal protective equipment and swipe an access card.

Nabors and other employees who were not from the area resided at the Royal Inn in Blytheville, approximately a thirty-minute drive from the construction site. They were paid a per diem in addition to their hourly wages to cover the added expenses associated with living away from home. In order to receive their per diem, employees were required to appear at Continental's work trailer on the job site at 7:00 a.m., even if work was cancelled that day.

On the evening of March 1, 2009, Nabors's supervisor told Nabors that, due to forecasted inclement weather, there may be emergency work that had to be done at the site the next morning and that he should report to work. On March 2, Nabors awoke around 5:00 a.m. and observed a significant amount of snow on the ground. He did not see his supervisor's truck parked outside, leading him to believe that the supervisor had already gone into work. He called his supervisor to see if work had been cancelled but got no response. Nabors drove to the job site and parked outside the front gate. In order to enter the gate, Nabors donned his personal

protective equipment and swiped his access card. He then walked to his employer's work trailer, located approximately 200 yards from the main gate. When Nabors was approximately fifty feet from the work trailer, he slipped on the ice, injuring his lower back. The fall took place between 6:30 a.m. and 7:00 a.m. Nabors then proceeded to the work trailer, signed in, and learned that work had been canceled for the day.

Nabors filed a claim for compensation for his injury with the Commission. By agreement of the parties, the primary issue to be determined was compensability. After a hearing, the ALJ issued an opinion finding that Nabors had suffered a compensable injury and awarded him benefits. Continental and Travelers appealed to the Commission. The Commission affirmed and adopted the ALJ's opinion. Continental and Travelers filed a timely notice of appeal.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 404, 269 S.W.3d 391, 394 (2007); *Jones v. Xtreme Pizza*, 97 Ark. App. 206, 245 S.W.3d 670 (2006). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Id.*, 269 S.W.3d 391; *Mays v. Alumnitec, Inc.*, 76 Ark. App. 274, 64 S.W.3d 772 (2001).

In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2007). A compensable injury does not include an injury incurred at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). An employee is performing employment services when he

or she is doing something that is generally required by his or her employer. *Dairy Farmers of Am., Inc. v. Coker*, 98 Ark. App. 400, 255 S.W.3d 905 (2007). We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Pifer v. Single Source Transp.*, 347 Ark. 851, 857, 69 S.W.3d 1, 4 (2002). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id.*, 69 S.W.3d at 4.

Appellants contend that Nabors was not performing employment services at the time of the injury because he was on his way to the job trailer to clock in for the day when he fell. The going-and-coming rule ordinarily precludes compensation to an employee while he is traveling between his home and his job because employees who have fixed hours and places of work are generally not considered to be in the course of their employment while traveling to and from work. *Wright v. Ben M. Hogan Co.*, 250 Ark. 960, 468 S.W.2d 233 (1971); *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 405, 269 S.W.3d 391, 395 (2007). Prior to Act 796 of 1993, the premises exception to the going-and-coming rule provided that, although an employee at the time of injury had not reached the place where his job duties were discharged, his injury was sustained within the course and scope of his employment if the employee was injured while on the employer's premises or on nearby property either under the employer's control or so situated as to be regarded as actually or constructively a part of the employer's premises. *Hightower v. Newark Pub. Sch. Sys.*, 57 Ark. App. 159, 163, 943 S.W.2d 608, 610 (1997). In *Hightower*, however, we held that the statutory requirement of the 1993 Act that an employee must be performing

employment services at the time of the injury eliminated the premises exception to the going-and-coming rule. *Hightower*, 57 Ark. App. at 164, 943 S.W.2d at 610. In order to determine whether an injured employee was performing employment services, we must analyze whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Pifer*, 347 Ark. at 857, 69 S.W.3d at 4.

In *Caffey v. Sanyo Manufacturing Corporation.*, 85 Ark. App. 342, 346, 154 S.W.3d 274, 277–78 (2004), we held that an employee who had presented a security badge at two guard shacks and entered the manufacturing plant, but who had not yet clocked in when she slipped and fell in the hallway, was performing employment services because her employer required her go through those obstacles before getting to her work station. Like *Caffey*, this case goes beyond the situation in which an employee is injured while walking to or from his vehicle in the parking lot before or after work. Nabors had already taken affirmative steps (or gone through obstacles, as the *Caffey* court put it) to satisfy the general contractor's safety and security requirements to enter the job site. Nabors was clearly advancing his employer's interests when he complied with the general contractor's rules regarding access to the job site. Complying with the regulations permitted him to access the site to perform work for Continental and allowed Continental to work in harmony with its direct employer, Zachary. As in *Caffey*, Nabors was not paid until he clocked in each day, meaning that Continental did not compensate him for his time spent donning safety gear and swiping his access card at the gate. However, in *Caffey* we held that whether payment is provided for a specific activity is not determinative of whether that activity

5

qualifies as employment services. The key, again, is whether the activity benefited the employer. We hold that there was substantial evidence to support the Commission's finding that Nabors was injured while engaged in conduct that benefited Continental, making his injury compensable.

We also reject appellants' argument that Nabors was not engaged in employment services because his real motivation for going to Continental's work trailer that day was to receive his per diem. All workers are, on some level, motivated by the desire to be paid for their work. However, an employee's subjective motivations in performing an action are not determinative; the issue is whether his actions advanced the employer's interest, directly or indirectly. *Pifer*, 347 Ark. at 857, 69 S.W.3d at 4. We have already determined that there was substantial evidence to support the Commission's finding that Nabors's actions in donning his personal protective equipment and swiping his access card at the front gate advanced Continental's interests.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Spicer Rudstrom, PLLC*, by: *Bradford J. Spicer* and *Catherine Corless*, for appellants.

*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellee.

SLIP OPINION