
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–36

|  |  |
|---|---|
| CENTERS FOR YOUTH & FAMILIES; RISK MANAGEMENT RESOURCES; ATA WORKERS' COMP – SI TRUST     APPELLANTS <br><br> V. <br><br> JOYCE A. WOOD <br>    APPELLEE | **Opinion Delivered** June 17, 2015 <br><br> APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G401743] <br><br> AFFIRMED |

## BART F. VIRDEN, Judge

The Arkansas Workers' Compensation Commission (Commission) determined that appellee Joyce A. Wood sustained a compensable injury arising out of and in the course of her employment. Appellants, Centers for Youth & Families, Risk Management Resources, and ATA Workers' Comp – SI Trust (collectively, CFYF), argue that the Commission erred in determining that Wood was performing employment services at the time of her injury. We affirm.

### I. *Facts and Procedural History*

Wood testified that she had worked for Centers for Youth & Families as a part-time receptionist for approximately three years.[1] According to Wood, the atmosphere at her job was "very laid back." She greeted members and answered the telephone, but she did not

---

[1] Wood was the only witness to testify.

SLIP OPINION

always stay at the front desk. She would occasionally check on things in the kitchen or step away to speak with members. Also, because she worked only part time, she had no scheduled breaks. Wood testified that she took breaks as needed and "as traffic allow[ed]."

On January 14, 2014, Wood had clocked in at 8:00 a.m. From approximately 8:30 to 8:45 a.m., when there was a lull in the activity around the front desk, Wood walked to the vending machine to get a snack because she had not eaten breakfast. On her way to the vending machine, Wood slipped on water in the hallway and fell, fracturing her pelvis. According to Wood, typically, after going to the vending machine, she would immediately return to her desk where she could both eat her snack and perform her job duties.

At the conclusion of the hearing, the administrative law judge (ALJ) noted that Wood was "an extremely credible witness." In finding her injury compensable, the ALJ found that Wood did not have scheduled breaks; that she was permitted to leave the front desk temporarily when business was slow to go to the vending machine; and that she would then immediately return to her desk to eat her snack. The ALJ concluded that Wood's actions in only briefly leaving her desk benefited her employer, directly or indirectly. The Commission affirmed and adopted the ALJ's opinion.

## II. Standard of Review

Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *Target Corp. v. Bumgarner*, 2015 Ark. App. 112, 455 S.W.3d 378. In doing so, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id.* Therefore, for purposes of our review, we consider both the ALJ's opinion and the


SLIP OPINION

Commission's majority opinion. *Id.*

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Hill v. LDA Leasing, Inc.*, 2010 Ark. App. 271, 374 S.W.3d 268. Substantial evidence is that relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Sw. Ark. Dev. Council, Inc. v. Tidwell*, 95 Ark. App. 27, 233 S.W.3d 190 (2006). The issue is not whether we might have reached a different decision or whether the evidence would have supported a contrary finding; instead, we affirm if reasonable minds could have reached the conclusion rendered by the Commission. *Id.*

### III. *Argument on Appeal*

CFYF argues that Wood was responsible for answering the telephone and greeting and signing in guests and that, because she had left her workstation at the time she was injured, she could not have been performing employment services. CFYF maintains that Wood's reason for walking to the vending machine was to get something to eat, which was entirely personal in nature and unrelated to her work.

### IV. *Discussion*

In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). A compensable injury does not include an injury that was inflicted upon the employee at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). An

SLIP OPINION

employee is performing employment services when she is doing something that is generally required by her employer. *Cont'l Constr. Co. v. Nabors*, 2015 Ark. App. 60, 454 S.W.3d 762. We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Id.* The test is whether the injury occurred within the time and space boundaries of the employment,[2] when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id.* Moreover, the issue whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case. *Hudak-Lee v. Baxter Cnty. Reg'l Hosp.*, 2011 Ark. 31, 378 S.W.3d 77.

CFYF contends that this case is "clearly analogous" to *Hill, supra*, in which this court affirmed a denial of benefits because the claimant's shoulder injury did not arise out of or in the course of his employment as a truck driver for LDA Leasing. Although Hill was responsible for his truck and its contents at all times, he left his truck at the loading dock to use the restroom. Upon exiting the restroom, Hill went into a break room to get a snack from the vending machine. While operating the machine, Hill was injured when his feet slipped out from under him. This court reasoned that, at the time he was injured, Hill was doing the exact opposite of what was required of him by failing to stay with his truck and that he was not in a position to perform any of his job duties.

---

[2] It is undisputed that Wood was "on the clock" and on the employer's premises at the time that she was injured.

*Hill* is distinguishable. Wood was permitted to leave her workstation for various reasons, including getting a snack from the vending machine, as long as the telephone was not ringing and guests were not needing assistance. It was not uncommon for the employees to get snacks from the vending machine supplied by the employer. After retrieving a snack, Wood could immediately resume her job duties because she could eat her snack at the front desk, yet still answer the telephone and greet members as they arrived. The Commission could reasonably conclude that Wood's briefly leaving her workstation to get a snack did not detract from her job duties, which benefited her employer, directly or indirectly. There is nothing in the record to suggest that Wood's actions were inconsistent with her employer's interest in advancing the work. Viewing the evidence in the light most favorable to the Commission's decision, we hold that there was substantial evidence to support a finding that Wood was performing employment services when she was injured; therefore, we affirm the award of benefits.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Gil Ragon Owen, P.A.*, by: *Jason A. Lee*, for appellants.

*Gary Davis*, for appellee.