

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-220

| | |
|---|---|
| DONNA SUE FULBRIGHT<br>APPELLANT<br><br>V.<br><br><br>ST. BERNARD'S MEDICAL CENTER<br>RISK MANAGEMENT RESOURCES<br>APPELLEES | **Opinion Delivered:** September 21, 2016<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G401035]<br><br><br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Donna Sue Fulbright appeals the decision of the Arkansas Workers' Compensation Commission (the Commission) denying her claim for benefits associated with an injury that she asserts she sustained while she was performing employment services within the course of her employment with St. Bernard's Medical Center. The Commission found that Fulbright failed to prove that she had sustained a compensable injury. On appeal to this court, Fulbright argues that the Commission failed to conduct a proper review and that the Commission's findings are not supported by substantial evidence. After reviewing the evidence presented, we disagree and affirm.

## I. *Facts*

Donna Sue Fulbright worked at St. Bernard's Medical Center (St. Bernard's) as a laundry aide in 2014 when she tripped and fell on her way to the cafeteria to get a snack during a break. On the day of the accident, Fulbright had clocked out and walked across

the street to smoke.[1] Fulbright clocked back in when she returned from smoking and then she resumed her break on the campus. As Fulbright was walking inside the hospital near the admission desk, she tripped on the edge of a carpet and fell, fracturing her left hip and femur. Fulbright testified that though she was not directly benefitting St. Bernard's during her break, she was indirectly benefitting her employer by getting something to eat so that she could have energy to do the physical labor associated with her work. Fulbright testified that she had eaten a Pop-Tart that morning before work but that she needed to eat again before lunch in order to do her job. On cross-examination, Fulbright testified that she carried out her duties mostly in the laundry room but that she also delivered linens to various floors at the hospital. Fulbright admitted that she was not carrying out any tasks related to her job activity when she went to the cafeteria and that she was not required to perform any job duties during her break, nor were other coworkers ever called back during breaks to do work.

Fulbright testified that she did not have any medical conditions that required her to eat every two or three hours, nor would she have passed out if she had not eaten before her lunch break.

Kathryn Witcher, the team leader in the laundry facility at St. Bernard's, testified that Fulbright's job was to feed sheets through an ironing machine and that it was not a strenuous job. Witcher testified that Fulbright's work duties were not so demanding that one would need to stop and eat to continue working, though the work was continuous all day long.

---

[1] Hospital policy required employees to clock out during breaks only if they left the campus.

On May 6, 2016, Administrative Law Judge (ALJ) Andrew Blood found that Fulbright "did not sustain an injury arising out of and in the course of her employment with [St. Bernard's] in that she was not performing employment services at the time of her accidental fall."

The Commission affirmed and adopted the decision of the ALJ, though Commissioner Phillip Hood dissented stating that he would have found that Fulbright had been obtaining food to sustain herself for a physically demanding job, thus, her activity while she was injured had been to the benefit of her employer and necessary for her work.

Fulbright filed a timely notice of appeal.

## II.  *Points on Appeal*

For her first point on appeal, Fulbright argues that the Commission erred when it adopted the ALJ's findings of fact and conclusions of law and failed to conduct a de novo review of the record and make findings of fact and conclusions of law.

The Commission is permitted to adopt the decision of the ALJ, thereby making the law judge's findings and conclusions those of the Commission. *Death & Permanent Total Disability Trust Fund v. Branum,* 82 Ark. App. 338, 107 S.W.3d 876 (2003). There is no indication that the Commission did not conduct a de novo review, and as is set forth above, the Commission is permitted to adopt the decision of the ALJ. We find no error, and we affirm.

For her second point on appeal, Fulbright argues that the Commission's findings were not supported by substantial evidence. We disagree, and we affirm.

3

When the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Moore v. Ark. State Highway & Transp. Dep't*, 2013 Ark. App. 752. We view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Id*. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Rector v. Healthsouth*, 2014 Ark. App. 135. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Williams v. Baldor Elec. Co.*, 2014 Ark. App. 62. We defer to the Commission's findings of credibility and the resolution of conflicting evidence. *Moore, supra*. In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark. Code Ann. § 11–9–102(4)(A)(i) (Supp. 2007). A compensable injury does not include an injury that was inflicted on the employee at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii).

An employee is performing employment services when he or she is doing something that is generally required by his or her employer. *Cont'l Constr. Co. v. Nabors*, 2015 Ark. App. 60, at 3-4, 454 S.W.3d 762, 765-66. We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Id*. The test is whether the injury occurred within the time and space boundaries of the employment, when the

4

Cite as 2016 Ark. App. 417

employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Pifer v. Single Source Transp.,* 347 Ark. 851, 857, 69 S.W.3d 1, 4 (2002).

Fulbright argues that by getting something to eat she was furthering her employer's interest in that she was gaining sustenance to do the physical labor associated with her job; however, this court has held that under circumstances similar to the ones in our present case getting a snack constitutes a personal errand. In *Hill v. LDA Leasing, Inc.*, 2010 Ark. App. 271, 374 S.W.3d 268, this court affirmed the denial of benefits where the claimant sustained an injury at the place of employment but while he was engaging in activity that did not advance the employer's interest. In *Hill*, the claimant injured his shoulder as he was returning from the restroom and stopped at a vending machine located on the work site's premises to buy a snack. He slipped and fell when he pushed the vending machine-button, and our court held that this injury did not arise out of and in the course of the claimant's employment, and, thus, his injury was not compensable. In *Hill*, the claimant admitted that he was not in the vicinity of his truck when his injury occurred, and thus, he was not in a position to have discharged his sole duty of supervising the truck during the unloading process to make sure no damage was done to his truck. *Id.* at 7, 374 S.W.3d 268, 272.

By contrast, this court has held that there are circumstances under which an employee getting something to eat furthers the employer's interest. In *Centers for Youth & Families v. Wood*, 2015 Ark. App. 380, at 5, 466 S.W.3d 422, 425, this court affirmed the Commission's decision that when the claimant briefly left her workstation to get a snack, this activity did not detract from her job duties and benefit her employer. In *Centers for Youth & Family*, the claimant was permitted to leave her workstation for various reasons, "including getting a

snack from the vending machine, as long as the telephone was not ringing and guests were not needing assistance." Employees commonly retrieved snacks from the vending machine nearby. After getting a snack, the claimant could immediately resume her front-desk duties, which included answering the telephone and greeting members as they arrived. *Id.* at 5, 466 S.W.3d 422, 425.

The present case is analogous to *Hill* and distinguishable from *Centers for Youth & Family*. In the case at hand, Fulbright got a snack while she took her break, but, unlike the claimant in *Centers for Youth & Family*, there was no evidence or indication that Fulbright was performing a job-related duty during the break. Fulbright argued that getting energy from food benefitted her employer by allowing her to continue working, but there was testimony that Fulbright had no medical condition that required her to have a mid-morning snack in order to work until lunchtime. Furthermore, there was testimony that Fulbright's job was not particularly physically demanding, such that a snack would be necessary to continue working until she was able to eat lunch. As in *Hill*, Fulbright was performing a personal errand that was not related to her employment when she was injured, and thus, the injury is not compensable.

Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.

*Wells & Wells, PLLC*, by: *Phillip Wells*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellees.