Cite as 2025 Ark. App. 208

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-290

|  |  |
|---|---|
| | **Opinion Delivered** April 9, 2025 |
| KENNETH WILLIAMS | APPEAL FROM THE ARKANSAS |
| APPELLANT | WORKERS' COMPENSATION |
| | COMMISSION |
| V. | [NO. H207041] |
| | |
| MALVERN SCHOOL DISTRICT AND | |
| ARKANSAS SCHOOL BOARDS | |
| ASSOCIATION | |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Kenneth Williams (deceased) appeals the decision of the Arkansas Workers' Compensation Commission (the Commission) that reversed the opinion of the administrative law judge (ALJ) and found that Williams was not performing employment services at the time of his fatal injury. We affirm the Commission's decision.

The facts surrounding this tragic accident are not in dispute. On 26 April 2022, Williams was driving on Interstate 30 from Arkadelphia toward Malvern after attending a meeting of the Region II Arkansas School Band and Orchestra Association (ASBOA). Williams came upon an accident and exited his vehicle to assist other motorists. During that time, a second accident involving several vehicles occurred; one of these vehicles veered into the center median where it lost its front passenger-side tire. The loose tire struck Williams, and he was pronounced deceased at the scene.

Williams's employer, the Malvern School District (MSD), denied that Williams had suffered compensable injuries under the Arkansas Workers' Compensation Act because he had not been performing employment services at the time of his accidental death. The issue came before an ALJ on 31 March 2023, and the following testimony was offered.

Williams's wife, Cynthia, said she and Williams lived in Malvern and had been married for thirty-four years. He was the band director at Malvern High School and routinely traveled for work using his own truck. He also routinely had school property in his truck, such as music stands, chairs, or instruments. On the afternoon of 26 April 2022, Cynthia knew Williams had been returning to Malvern from a meeting in Arkadelphia at the time of the accident, but she did not know his particular destination in Malvern.

Williams's son, Grant Williams, lives in Arkadelphia and works as a police officer for Ouachita Baptist University. He confirmed that his father used his personal vehicle to travel and transport equipment for work. Williams also attended different events around the state for work, including football games and all region band camp. Grant did not know his dad's particular destination when the accident occurred. Grant retrieved his dad's truck after the accident and found several items belonging to the school, which he returned.

Jon Stevenson worked with Williams as the assistant band director for the high school and the band director for the middle school. He and Williams were both members of ASBOA, and the school paid their membership dues. ASBOA allows band directors and orchestra directors to collaborate on teaching methods and music programs as well as organize an annual all-state clinic. A band director must be a member of ASBOA in order for his or her students to participate in certain programs. Membership also benefits the

2

school district because it gives students opportunities for performing, auditioning, participating in marching competitions, and other activities. Stevenson attended the 26 April 2022 meeting, which he said was mandatory, and drove his personal vehicle to the meeting. He did not know if Williams was going to the high school after the meeting.

News reporter Gary Burton wrote an article about the accident that resulted in Williams's death. In gathering information for the article, Burton spoke to Manuel Bulhoes, the high school assistant principal, who told him that Williams had been in Arkadelphia for a regional band meeting.

Jennifer Shnaekel, the principal at Malvern High School, agreed that Williams used his personal vehicle to travel to and from school activities. She was aware of ASBOA in general but did not know that Williams was attending the meeting on 26 April 2022. She also did not know whether the meeting was mandatory. In her opinion, Williams's stopping to help someone on the side of the road did not benefit the school in any way. The school district did benefit, however, from Williams attending the ASBOA meeting because its work allowed the students "to grow musically and academically."

The ALJ found that Williams had been performing employment services at the time of the fatal accident and made the following findings.

> Here, the Claimant was the Band Director for Malvern High School for over three decades. He was required to routinely travel as part of his duties as a band director. This is established by the testimony of all of the witnesses. Therefore, I find that the Claimant was required to travel as an integral part of his job. Although the Claimant often times used his persona[l] vehicle to travel, he did not request reimbursement from the school district. The evidence shows that the Claimant was returning home from a mandatory regional band meeting that benefitted the students and the school district. . . . I find that the Claimant was performing employment services at the time that his fatal work accident occurred because he had not yet returned home. His

3

accident occurred while returning home, although he had gotten out of his car along the path home to help other motorists.

. . . .

The record shows that the accident occurred within the time and space boundaries of the employment, when the Claimant was directly carrying out the employer's purpose by returning home from his trip. Whether or not the Claimant was assisting other individuals on the road or in his vehicle, the record indicates [he] was attempting to return home at the time of his accident.

MSD appealed to the full Commission, which reversed the ALJ's decision. The Commission reasoned,

The relevant question in the present matter is not whether the respondents benefitted from Kenneth Williams' attendance at the Region II Spring Meeting on April 26, 2022. Instead, the critical inquiry in accordance with Act 796 is whether the claimant was performing employment services *when the injury occurred*. *See Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 269 S.W.3d 391 (2007), citing *Moncus v. Billingsley Logging*, 366 Ark. 383, 235 S.W.3d 877 (2006). . . . The Commission is bound to examine the activity the claimant was engaged in at the time of the accident in determining whether or not he was performing employment services. *Hill v. LDA Leasing*, 2010 Ark. App. 271, 374 S.W.3d 268 (2010). The preponderance of evidence in the present matter demonstrates that the claimant was not directly or indirectly benefitting his employer when he exited his vehicle and entered the median on Interstate 30 on the evening of April 26, 2022. The Full Commission finds credible Jennifer Shnaekel's testimony that the claimant's actions following the motor vehicle accident on April 26, 2022 did not benefit the Malvern School District. Again, the critical inquiry is whether the claimant was performing employment services *when the injury occurred*. *See Parker, supra*.

An employee is performing employment services when he is doing something that is generally required by his employer. *Coker, supra*. The record in the present matter shows that Ken Williams was acting nobly and generously when [he] offered assistance to other individuals following a motor vehicle accident on April 26, 2022, while the claimant was returning to Malvern from Arkadelphia. Nevertheless, the evidence does not demonstrate that Mr. Williams was performing employment services at the time of his tragic fatality.

4

(Emphasis in original.)  Williams timely appealed the Commission's decision.

We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence.  *Parker v. Atl. Rsch. Corp.*, 87 Ark. App. 145, 189 S.W.3d 449 (2004).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.  *Id.*  It is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence.  *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008).  We will reverse the Commission's decision if we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions of the Commission.  *Pulaski Cnty. Special Sch. Dist. v. Stewart*, 2010 Ark. App. 487, 375 S.W.3d 758.

In order for an accidental injury to be compensable, it must arise out of and in the course of employment.  Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2023).  A compensable injury does not include an injury incurred at a time when employment services were not being performed.  Ark. Code Ann. § 11-9-102(4)(B)(iii).  An employee is performing employment services when he or she is doing something that is generally required by his or her employer.  *Cont'l Constr. Co. v. Nabors*, 2015 Ark. App. 60, 454 S.W.3d 762.  We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment.  *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002).  The test is whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's purpose or advancing the employer's interest,

either directly or indirectly. *Id.* Moreover, whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case. *Ctrs. for Youth & Families v. Wood*, 2015 Ark. App. 380, 466 S.W.3d 422.

Williams's argument on appeal largely tracks the ALJ's reasoning below. He asserts that he often had to travel outside of normal school hours in his capacity as band director, and he routinely used his own vehicle for travel to various events. Travel was clearly an integral part of his job. Williams was also required to be a member of ASBOA in order for students to be eligible to participate in all-region and all-state activities and competitions, and his attendance at ASBOA meetings was mandatory.

Williams contends that Interstate 30 was not part of his normal route home from school, and he would not have been on Interstate 30 at the time of the accident but for the mandatory ASBOA meeting in Arkadelphia. While Williams does not clearly connect the dots on this point, he is essentially arguing that his situation falls under the positional-risk doctrine, which states that an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment put the claimant in the position where he or she was injured.[1] *Askins v. Kroger Ltd. P'ship I*, 2018 Ark. 23, 535 S.W.3d 629. He also asserts that his travel was in furtherance of his employment duties and both directly

---

[1]Williams also mentions exceptions to the "going and coming" rule and the "special errand" exception, but he does not develop an argument applying those exceptions to the facts of his case.

and indirectly benefited his employer. He concludes that the Commission erred in holding that he was not performing employment services at the time of his death.

MSD denies that the positional-risk doctrine applies and argues that Williams was not doing anything related to his job as a band director at the time of his injuries. While he was performing a good deed by assisting strangers after an accident, that act was not an obligation or condition of his employment. MSD explains that Williams left the safety of his vehicle to go into the median on Interstate 30, which placed him in a more dangerous situation than that of the general public in the vicinity. There is no evidence that the assistance he offered directly or indirectly advanced the interests of his employer. MSD asserts that while the accident was tragic, Williams was not in the course and scope of his employment when it occurred. It asserts that the Commission's finding that Williams was not performing employment services at the time of his death should be affirmed.

In reply, Williams reiterates that he was traveling home from a mandatory work meeting at the time of his death and that his travel was clearly directly and indirectly furthering MSD's interests. He denies that MSD should be absolved from liability because he stepped out of his vehicle and again argues that he would not have been on Interstate 30 at the time of the accident if not for his mandatory attendance at the meeting in Arkadelphia.

Williams's argument focuses on his attendance at the ASBOA meeting, the role that travel played in his regular job duties, and in particular, the reason for his presence on Interstate 30 the day of the accident. However, we agree with the Commission that the relevant inquiry for compensability purposes is whether Williams was performing employment services at the time his injuries occurred, i.e., when he was in the center

7

median of the interstate assisting other motorists. Under the increased–risk doctrine, injuries are compensable if the employment exposed the employee to a greater degree of risk than other members of the general public in the same vicinity. *Jivan v. Economy Inn & Suites*, 370 Ark. 414, 260 S.W.3d 281 (2007). However, Williams's employment as the band director for Malvern High School did not expose him to greater risk than other members of the general public in the same vicinity. Williams decided to exit his vehicle and enter the center median of the interstate, thereby placing himself at greater risk than other members of the general public. While Williams was certainly performing a good deed at the time of his fatal injury, he was not performing any activity inherently necessary for the performance of his job, nor was he directly or indirectly advancing his employer's interest. We hold that reasonable minds could reach the conclusion that Williams was not performing employment services at the time of his injury and affirm the Commission's decision.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Caldwell Law Firm, P.A.*, by: *Andy L. Caldwell*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellees.